**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **JAMIE ARNOLD and CLINTON FEGER, individually and on behalf of all others similarly situated,** | |
| **Plaintiff,** | **Case No.** |
| **v.** | **COLLECTIVE & CLASS ACTION** |
| **AEROSAT USA, LLC, DIRECTV HOME SERVICES, INC., and DIRECTV, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## <u>COMPLAINT</u>

Plaintiffs Jamie Arnold and Clinton Feger, individually and on behalf of all others similarly situated ("Plaintiffs"), by and through their undersigned counsel, for their complaint against Aerosat USA, LLC, DirecTV Home Services, Inc., and DirecTV, Inc., hereby state as follows:

1.      Plaintiffs worked as satellite installation and repair technicians for Defendants.

2.      Defendants improperly paid Plaintiffs on a per task basis instead of compensating them for all hours worked in an effort to deliberately deny them their earned wages and overtime compensation in violation of the Fair Labor Standards Act ("FLSA").

3.      This lawsuit is brought as a collective action under the FLSA to recover unpaid wages and overtime compensation owed to Plaintiffs and other similarly situated workers employed by Defendants.

4.     This lawsuit is also brought as a Rule 23 class action under the Missouri Minimum Wage Law ("MMWL") to recover the wages and overtime compensation owed to Plaintiffs and other similarly situated workers employed by Defendants in the State of Missouri.

## JURISDICTION AND VENUE

5.     The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.  Jurisdiction over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  Jurisdiction over Plaintiffs' MMWL claims is based upon 28 U.S.C. § 1367.

6.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants are deemed residents of the Eastern District of Missouri because they are each subject to personal jurisdiction in this District.  Venue in this division of the Eastern District of Missouri is proper because Defendant Aerosat USA, LLC maintains an office in Jefferson County, Missouri and a substantial part of the events giving rise to this claim occurred in the Eastern Division of this Court.

## PARTIES

7.     Plaintiff Jamie Arnold is a resident of the State of Missouri and was employed by Defendants from 2006 to February, 2009.  Jamie Arnold's Consent to Become a Party Plaintiffs pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

8.     Plaintiff Clinton Feger is a resident of the State of Missouri and was employed by Defendants from 2006 to August, 2008.  Clinton Feger's Consent to Become a Party Plaintiffs pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit B.

9.     Aerosat USA, LLC is a Delaware limited liability company with its principal place of business in Tullahoma, Tennessee.  Aerosat USA, LLC does business in the State of

2

Missouri and nationwide.  The Missouri registered agent for Aerosat USA, LLC is CSC-Lawyers Incorporating Service Company located at 221 Bolivar Street, Jefferson City, Missouri 65101.

10.     On information and belief, DirecTV Home Services, Inc. is a wholly-owned subsidiary of Defendant DirecTV, Inc. and is the successor entity to Defendant Aerosat USA, LLC.  DirecTV Homes Services, Inc. is a Delaware corporation with its principal place of business in El Segundo, California.  The Missouri registered agent for DirecTV, Inc. is CSC-Lawyers Incorporating Service Company located at 221 Bolivar Street, Jefferson City, Missouri 65101.

11.     DirecTV, Inc. is a Delaware corporation with its principal place of business in El Segundo, California.  DirecTV, Inc. does business in the State of Missouri and nationwide.  The Missouri registered agent for DirecTV, Inc. is CSC-Lawyers Incorporating Service Company located at 221 Bolivar Street, Jefferson City, Missouri 65101.

## GENERAL ALLEGATIONS

12.     Defendants are in the business of, among other things, providing satellite television service to businesses and consumers.

13.     Plaintiffs were employed by Defendants as technicians.  The principal job duty of a technician is to install and repair DirecTV satellite television service.

14.     Plaintiffs typically started their workday after receiving their daily work schedules which were assigned through Defendants' dispatching systems.

15.      After receiving their daily work schedules, Plaintiffs traveled to the location of their first assigned job and thereafter continued to complete the jobs assigned by Defendants in the proscribed order on the daily work schedule.  Upon arriving at each job site Plaintiffs were required to check-in via telephone with Defendant Aerosat USA, LLC.

3

16.     When performing their work, Plaintiffs were required by Defendants to wear a uniform consisting of tan pants, a blue shirt with a "DirecTV" logo, and a blue hat with a "DirecTV" logo.   The shirt and hat were required to be obtained from a DirecTV website. Additionally, Plaintiffs were required to display magnets and window stickers on their vehicles displaying Defendant DirecTV, Inc.'s logo.

17.     Plaintiffs were not paid for all hours they worked for Defendants.   Rather, they were paid on a per job basis for certain tasks designated by Defendants as compensable.

18.     In addition to the certain tasks designated by Defendants as compensable, Plaintiffs performed other work for Defendants including, attending meetings, completing paperwork, maintaining work vehicles, stocking vehicles with inventory and supplies, and traveling to and from job sites.   Plaintiffs were not paid for these integral and indispensible tasks that are necessary to their principal activity of installing and repairing DirecTV satellite television service.

19.     Defendants did not pay Plaintiffs their wages free and clear.   Rather, Plaintiffs were subjected to "charge backs" where Defendants would withhold pay for certain jobs in which customers complained to Defendant DirecTV, Inc.

20.     Plaintiffs routinely worked more than forty hours per week for Defendants.

21.     Plaintiffs were not paid a premium for work done beyond forty hours in a given workweek.

22.     Plaintiffs were routinely subjected to working at an effective wage rate of less than the applicable minimum wage.

23.     Defendants are joint employers under the FLSA and the MMWL of Plaintiffs and other similarly situated technicians.

24.     Upon information and belief, all technicians jointly employed by Defendants are subjected to the same policies and practices as described above.

25.     Defendants are engaged in interstate commerce and, upon information and belief, Defendants each gross more than Five Hundred Thousand Dollars in revenue per year.

26.     The net effect of Defendants' policies and practices, instituted and approved by company managers, is that Defendants willfully fail to pay minimum wage and overtime compensation to their technicians and willfully fail to keep accurate time records in order to save payroll costs.  Defendants enjoy ill-gained profits at the expense of their employees.

## COLLECTIVE ACTION ALLEGATIONS

27.     Plaintiffs bring Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following:

> All persons working as technicians jointly for Aerosat USA, LLC or its successor DirecTV Home Services, Inc. and DirecTV, Inc. from March 2, 2007 through the present.

28.     The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

29.     Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, failing to pay at the applicable minimum wage, and failing to properly pay overtime compensation.  The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Defendants, and potential class members may easily and quickly be notified of the pendency of this action.

## CLASS ACTION ALLEGATIONS

30.     Plaintiffs bring Count II as a class action pursuant to Fed. R. Civ. P. 23 on their own behalf and as the Class Representatives on behalf of the following:

> All persons working as technicians jointly for Aerosat USA, LLC or its successor DirecTV Home Services, Inc. and DirecTV, Inc. in the State of Missouri from March 2, 2008 through the present.

31.     Plaintiffs' state law claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

32.     This class is believed to number in the hundreds, if not thousands, of persons. As a result, joinder of all class members in a single action is impracticable.  Class members may be informed of the pendency of this class action through direct mail.

33.     There are questions of fact and law common to the class that, under Missouri state law, predominate over any questions affecting only individual members.  The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

> a.  Whether Defendants violated Missouri law when they failed to pay technicians for all hours worked;
>
> b.  Whether Defendants had a policy and practice of failing to compensate technicians for all hours worked;
>
> c.  Whether Defendant failed to pay technicians at an effective wage rate of at least the applicable minimum wage for all hours worked; and
>
> d.  Whether Defendants failed to pay technicians an overtime premium for work performed beyond 40 hours in a workweek.

34.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

35.     Plaintiffs' claims under Missouri state law are typical of those of the class in that class members have been employed in the same or similar positions as Plaintiffs and were subject to the same or similar unlawful practices as Plaintiffs.

36.     A class action is the appropriate method for the fair and efficient adjudication of this controversy.  Defendants have acted or refused to act on grounds generally applicable to the class.  The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

37.     Plaintiffs are adequate representatives of the Missouri class because they are members of the class and their interests do not conflict with the interests of the members of the class they seek to represent.  The interests of the members of the class will be fairly and adequately protected by Plaintiffs and their undersigned counsel.  Counsel are experienced in the litigation of civil matters, including the prosecution of complex wage and hour, employment, and class action cases.

38.     Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy.  It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action.  In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## COUNT I

**Violation of the Fair Labor Standards Act of 1938**

**(Brought Against Defendants by Plaintiffs Individually and
on Behalf of All Others Similarly Situated)**

39.     Plaintiffs re-allege the allegations set forth above.

40.     At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

41.     The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

42.     Defendants are subject to the minimum wage and overtime pay requirements of the FLSA because they are enterprises engaged in interstate commerce and their employees are engaged in commerce.

43.     Defendants violated the FLSA by failing to pay minimum wage and overtime.

44.     Plaintiffs and all similarly situated employees are victims of a common compensation policy.

45.     Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated minimum wage and overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or showed reckless disregard in its violation of the requirements of the FLSA.

46.     Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA.  As a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages as described by Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b).  Alternatively, should the Court find Defendants acted in good faith in failing to pay its employees minimum wage and overtime compensation, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

47.     As a result of these violations of the FLSA's minimum wage and overtime pay provisions, compensation has been unlawfully withheld by Defendants from Plaintiffs and all similarly situated employees.  Accordingly, pursuant to 29 U.S.C. § 216(b), Defendants are liable for the unpaid minimum wages and overtime premium pay along with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

### COUNT II

**Violation of the Missouri Minimum Wage Law**

**(Brought Against Defendants by Plaintiffs Individually and in their Capacity
as the Class Representatives on Behalf of All Others Similarly Situated)**

48.     Plaintiffs re-allege the allegations set forth above.

49.     Defendants violated Missouri law, in relevant part, by failing to pay minimum wage and overtime premium pay to Plaintiffs and similarly situated employees as required by Mo. Rev. Stat. § 290.502 and § 290.505.

50.     Further, Plaintiffs and similarly situated employees are entitled to recover liquidated damages in an amount equal to their compensatory damages, attorneys' fees, and costs, pursuant to Mo. Rev. Stat. § 290.527.

WHEREFORE, Plaintiffs and all similarly situated employees demand judgment against Defendants and pray this Court:

a.     Issue notice to all similarly situated employees of Defendants informing them of their right to file consents to join the FLSA portion of this action;

b.     Certify the state law claim set forth in Count II above as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c.     Declare Defendants' policy of not paying Plaintiffs and other similarly situated employees minimum wage and overtime illegal under the FLSA and the MMWL;

d.     Award Plaintiffs and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b) and Mo. Rev. Stat. § 290.527;

e.     Award Plaintiffs and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

f.     Award Plaintiffs and all similarly situated employees attorneys' fees and costs as allowed by Section 216(b) of the FLSA and under Mo. Rev. Stat. § 290.527; and

g.     Award Plaintiffs and all similarly situated employees such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury of all issues so triable.


Respectfully submitted,


**STUEVE SIEGEL HANSON LLP**


George A. Hanson, *Pro Hac Vice Pending*
460 Nichols Rd., Ste. 200
Kansas City, MO 64112
Telephone:  816-714-7100
Facsimile:  816-714-7101
Email:  hanson@stuevesiegel.com


**LEAR WERTS LLP**


Bradford B. Lear, E.D. No. 109960
Todd C. Werts, E.D. No. 530874
2003 W. Broadway, Ste. 107
Columbia, MO 65203
Telephone:  573-875-1991
Facsimile:  573-875-1985
Email:  lear@learwerts.com
Email:  werts@learwerts.com

11

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **JAMIE ARNOLD, et al.,**<br><br>      **Plaintiffs,**<br><br>**v.**<br><br>**AEROSAT USA, LLC, et al.,**<br><br>      **Defendants.** | **Case No.** |

## CONSENT TO JOIN

**I WANT TO JOIN THIS LAWSUIT** against DirecTV, Inc., DirecTV Home Services, Inc., and Aerosat USA, LLC as a plaintiff to assert claims for unpaid wages and overtime. If this case does not proceed collectively, I also consent to join any subsequent action against DirecTV, Inc., DirecTV Home Services, Inc., and Aerosat USA, LLC for unpaid wages and overtime. I understand that I will be bound by any ruling, settlement, or judgment whether favorable or unfavorable. I choose to be represented by Stueve Siegel Hanson LLP, Lear Werts LLP and other attorneys with whom they may associate.

X _____

Signature
Printed Name:  Jamie Arnold

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAMIE ARNOLD, et al.,

        Plaintiffs,

v.

        Case No.

AEROSAT USA, LLC, et al.,

        Defendants.

## CONSENT TO JOIN

    **I WANT TO JOIN THIS LAWSUIT** against DirecTV, Inc., DirecTV Home Services, Inc., and Aerosat USA, LLC as a plaintiff to assert claims for unpaid wages and overtime. If this case does not proceed collectively, I also consent to join any subsequent action against DirecTV, Inc., DirecTV Home Services, Inc., and Aerosat USA, LLC for unpaid wages and overtime. I understand that I will be bound by any ruling, settlement, or judgment whether favorable or unfavorable. I choose to be represented by Stueve Siegel Hanson LLP, Lear Werts LLP and other attorneys with whom they may associate.

Signature
Printed Name: Clinton Feger