IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMIE ARNOLD and CLINTON FEGER Individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>AEROSAT USA, LLC, DIRECTV HOME SERVICES, INC., and DIRECTV, INC.,<br><br>    Defendants. | Case No: 4:10-cv-00352 |

## ANSWER

COME NOW Defendants DIRECTV, Inc. d/b/a DIRECTV Home Services and DTV Home Services II, LLC (formerly known as Up Communications Services, LLC, formerly known as AeroSat USA, LLC, and improperly named as AeroSat USA, LLC and DIRECTV Home Services, Inc.) (collectively "Defendants") and for their answer to Plaintiffs' Complaint, state as follows:

1. Defendants admit that Plaintiffs worked as satellite installation technicians for AeroSat USA, LLC, which, upon information and belief, subsequently became named Up Communications Services, LLC, and deny that Plaintiffs have been employed by Defendant DIRECTV, Inc. d/b/a DIRECTV Home Services and DTV Home Services II, LLC.

2. Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3. Defendants admit that Plaintiffs purport to bring a collective action under the Fair Labor Standards Act ("FLSA"), but deny any liability for any claim(s) made in the Complaint and deny that this case should proceed as a collective action.

4. Defendants admit that Plaintiffs purport to bring a Rule 23 class action under the Missouri Minimum Wage Law ("MMWL"), but deny any liability for any claim(s) made in the Complaint and deny that this case should proceed as a class action.

## JURISDICTION AND VENUE

5. Defendants admit this Court has jurisdiction over Plaintiffs' claims in this action.

6. Defendants admit that venue is proper in this District and that they are subject to personal jurisdiction in this District. Defendants further admit that venue is proper in this Division, but deny the remaining allegations contained in Paragraph 6 of the Complaint.

## PARTIES

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 concerning Plaintiff Jamie Arnold's residency and, therefore, deny the same. Defendants admit that Exhibit A purports to be a Consent to Become a Party Plaintiff executed by Plaintiff Arnold. Defendants deny all other allegations contained in Paragraph 7 of the Complaint.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 concerning Plaintiff Clinton Feger's residency and, therefore, deny the same. Defendants admit that Exhibit

B purports to be a Consent to Become a Party Plaintiff executed by Plaintiff Feger. Defendants deny all other allegations contained in Paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10. Defendants admit that DIRECTV, Inc.'s Missouri registered agent is CSC-Lawyers Incorporating Service Company located at 221 Bolivar Street, Jefferson City, Missouri, 65101, but deny the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in Paragraph 11 of the Complaint.

**GENERAL ALLEGATIONS**

12. Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13. Defendants admit, upon information and belief, that Plaintiffs were employed by AeroSat USA, LLC, which was subsequently named Up Communications, LLC, as technicians and that their principal job duty in this role was to install, repair, and upgrade DIRECTV satellite television services.  Any remaining allegations contained in Paragraph 13 not expressly admitted are denied.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and, therefore, deny the same.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and, therefore, deny the same.

16. Defendants admit, upon information and belief, that while employees of AeroSat USA, LLC and/or Up Communications, LLC, Plaintiffs were required to wear a shirt and hat with a DIRECTV logo.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 and, therefore, deny the same.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants admit that they are engaged in interstate commerce and gross more than Five Hundred Thousand Dollars in revenue per year. Any remaining allegations contained in Paragraph 25 not expressly admitted are denied.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

27. Defendants admit that Plaintiffs purport to bring a collective action under the FLSA, but deny any liability for any claim(s) made in the Complaint and deny that this case should proceed as a collective action as described in Paragraph 27.

28. The allegations in Paragraph 28 call for a legal conclusion and therefore no response is required.

29. Defendants admit that Plaintiffs purport to bring a collective action under the FLSA, but deny any liability for any claim(s) made in the Complaint and deny that this case should proceed as a collective action.

## CLASS ACTION ALLEGATIONS

30. Defendants admit that Plaintiffs purport to bring a Rule 23 class action under the MMWL but deny any liability for any claim(s) made in the Complaint and deny that this case should proceed as a class action.

31. The allegations in Paragraph 31 call for a legal conclusion and therefore no response is required.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. The allegations in Paragraph 33 call for a legal conclusion and therefore no response is required.

34. The allegations in Paragraph 34 call for a legal conclusion and therefore no response is required.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

## COUNT I

39. Defendants re-allege the responses set forth above.

40. The allegations in Paragraph 40 call for a legal conclusion and therefore no response is required.

41. The allegations in Paragraph 41 call for a legal conclusion and therefore no response is required.

42. The allegations in Paragraph 42 call for a legal conclusion and therefore no response is required.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

## COUNT II

48. Defendants re-allege the responses set forth above.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiffs have failed to state a claim upon which relief can be granted because, among other reasons, they were paid at least minimum wage for their first forty hours of work in any given workweek and were paid one and one-half times their regular hourly rate for all hours worked in excess of forty in any workweek.

2. Plaintiffs are barred from recovery in this action because they have been paid everything they were owed under federal and Missouri state wage laws.

3. To the extent that the period of time alluded to or alleged in the Complaint predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), and Mo. Rev. Stat. § 516.140, such claims are barred.

4. Plaintiffs' claims are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, or credits provided for in Section 7 of the FLSA, 29 U.S.C. § 207.

5. Plaintiffs' claims may be barred in whole or in part by Section 13(b)(1) of the FLSA, which provides an exemption from the Section 7 overtime requirements if a worker is an "employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of Section 204 of the Motor Carrier Act of 1935." 49 U.S.C. § 31502.

6. Plaintiffs' claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

7. Plaintiffs' claims are barred in whole or in part to the extent that the work they performed falls within exemptions provided for in Section 13(a) and/or (b) of the FLSA, 29 U.S.C. § 213(a) and/or (b).

8. Plaintiffs' claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs were engaged in activities which were preliminary or postliminary to their principal activities.

9. Plaintiffs' claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs were engaged in the use of their employer's vehicle for travel and other activities which were incidental to the use of their employer's vehicle for commuting.

10. Plaintiffs' claims are barred in whole or in part by the doctrine of *de minimis non curat lex*.

11. Plaintiffs' claims are barred in whole or in part because Defendants did not employ Plaintiffs.

12. To the extent that discovery reveals that Plaintiffs falsely reported their hours, Plaintiffs' claims are barred by the doctrine of estoppel.

13. Defendants at all times acted in good faith to comply with the FLSA and with reasonable grounds to believe that their actions did not violate the statutes cited in the Complaint, and Defendants assert a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiffs for liquidated damages.

14. Plaintiffs' claims are barred in whole or in part by their failure to mitigate their damages.

15. There are no employees of Defendants or its subsidiaries who are similarly situated to Plaintiffs, as that term is defined and/or interpreted under the FLSA, 29 U.S.C. § 216(b).

16. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

17. Plaintiffs are not entitled to class certification because they fail to meet the requirements of Rule 23(a) or (b) of the Federal Rules of Civil Procedure.

18. Plaintiffs are not entitled to class certification because their claims for failure to pay wages and/or overtime necessarily entail individualized proof that precludes a finding of commonality and typicality.

19. Plaintiffs are not entitled to class certification because their claims for monetary relief predominate over their claims for injunctive or declaratory relief, making class certification inappropriate.

20. Plaintiffs are not entitled to class certification because the class representatives cannot adequately represent the interests of the alleged class.

21. Plaintiffs' state law claims fail because Proposition B to the MMWL is invalid because it violated the clear title and/or single subject requirements of the Missouri Constitution and, as a result, Plaintiffs are not covered by the MMWL.

22. Defendants reserve the right to assert additional defenses or claims, which may become known during the course of discovery.

**WHEREFORE**, Defendants respectfully requests that this Court:

(a) dismiss Plaintiffs' Complaint with prejudice;

(b) deny Plaintiffs' demands and prayer for relief;

(c) award Defendants' costs and reasonable attorneys' fees incurred in defense of this action; and

(d) grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Patricia J. Martin
Kimberly A. Yates, #102099
Patricia J. Martin, #518160
LITTLER MENDELSON, P.C.
Two CityPlace Drive
Suite 200
St. Louis, MO  63141
Telephone: 314.432.4797
Facsimile: 314.432.4796
kyates@littler.com
pmartin@littler.com

Counsel for Defendants

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 14th day of April, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following: Bradford B. Lear and Todd C. Wertz, Lear Wertz LLP, 2003 West Broadway, Columbia, Missouri 65203, Attorneys for Plaintiff.

/s/ Patricia J. Martin

Firmwide:94994682.4 044840.1083