IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **JAMIE ARNOLD and CLINTON FEGER Individually and on behalf of all others similarly situated,**<br><br>Plaintiffs,<br><br>vs.<br><br>**DIRECTV, INC. d/b/a DIRECTV HOME SERVICES and DTV HOME SERVICES II, LLC,**<br><br>Defendants. | Case No: 4:10-CV-00352-AGF |

## **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

Kimberly A. Yates, #102099
Patricia J. Martin, #518160
LITTLER MENDELSON, P.C.
Two CityPlace Drive
Suite 200
St. Louis, MO  63141
Telephone: 314.432.4797
Facsimile: 314.432.4796
kyates@littler.com
pmartin@littler.com

Counsel for Defendants

This matter is before the Court on DIRECTV's Motion to Dismiss Plaintiffs' First Amended Complaint. Plaintiffs initially filed suit against DIRECTV, Inc. and two other entities, AeroSat USA and DIRECTV Home Services, Inc. On May 5, 2010, Plaintiffs amended their Complaint to change the identities of the Defendants (except for DIRECTV, Inc.) and to greatly expand the scope of the lawsuit they purport to bring. Whereas Plaintiffs initially sought to recover on behalf of a class consisting of technicians allegedly jointly employed by DIRECTV, Inc. and a <u>single</u> Home Service Provider (HSP), AeroSat, which operated in a handful of states, Plaintiffs' First Amended Complaint seeks to bring claims on behalf of any technician allegedly jointly employed by DIRECTV, Inc. and <u>any</u> of the hundreds of HSPs that DIRECTV, Inc. contracts with to install DIRECTV systems across the nation.

As set forth in DIRECTV's Memorandum in Support of its Motion to Dismiss, Plaintiffs' First Amended Complaint wholly lacks any factual allegations regarding the identity of the HSP for whom Plaintiffs worked during their alleged joint employment by DIRECTV, the location at which they were employed, the hours they purportedly worked, the compensation they were paid, or the charge backs they allege were deducted from their pay. As a result, Plaintiffs have not pled causes of action on their own behalf, let alone on behalf of thousands of technicians not even directly employed by any Defendant. Accordingly, following *Iqbal* and *Twombly,* this Court should not open the door to discovery on such a facially absurd collection of members. Moreover, because this Court's jurisdiction over the Missouri Minimum Wage Law claims is invoked solely on the basis of supplemental jurisdiction, this Court should decline to exercise supplemental jurisdiction over the state law claims of individuals who do not affirmatively join this lawsuit because, as the Eighth Circuit has explained on two occasions, opt-in and opt-out

1

classes are inherently incompatible.  Finally, Plaintiffs' Rule 23 class allegations should be dismissed because MMWL claims cannot be prosecuted as opt-out classes.

Plaintiffs' Memorandum in Opposition is filled with misstatements and misrepresentations and does not even address the key arguments raised by DIRECTV in its Memorandum,  In particular, it does not address:

- Plaintiffs' wholesale failure to allege facts supporting their legal conclusion that DIRECTV, Inc. was their joint employer;

- The obvious procedural and due process concerns inherent in bringing a collective action on behalf of a nationwide class of technicians who were not directly employed by any Defendant in this action; and

- The fact that this Court should decline to exercise supplemental jurisdiction over the state law claims of individuals who do not affirmatively join this lawsuit.

Accordingly, DIRECTV respectfully requests that this Court grant its Motion and dismiss Plaintiffs' First Amended Complaint in its entirety.

**PROCEDURAL BACKGROUND**

In their initial Complaint, Plaintiffs sought to recover against Defendants AeroSat USA, LLC, DIRECTV Home Services, Inc., and DIRECTV, Inc. on an FLSA claim brought on behalf of "All persons working as technicians jointly for Aerosat USA, LLC or its successor DirecTV Home Services, Inc. and DirecTV, Inc. from March 2, 2007 through the present."  *See* Docket Entry #1, ¶ 27.  Plaintiffs also sought to recover under the MMWL on behalf of an opt-out class consisting of "All persons working as technicians jointly for AeroSat USA, LLC or its successor DirecTV Home Services, Inc. and DirecTV, Inc. in the state of Missouri from March 2, 2008 through the present."  *See* Docket Entry #1, ¶ 30.  After being informed by DIRECTV that Aerosat USA, LLC and DirecTV Home Services, Inc. were not the proper parties, Plaintiffs amended their Complaint.  Plaintiffs' First Amended Complaint added DTV Home Services II, LLC as a party and terminated Aerosat USA, LLC and DirecTV Home Services, Inc. as parties.

2

In addition, Plaintiffs used their First Amended Complaint to significantly change the scope of the lawsuit they purport to bring. In particular, Plaintiffs now seek to recover under the FLSA on behalf of, "All persons working as technicians for Defendants from March 2, 2007 through the present." *See* Docket Entry #13, ¶ 27. Plaintiffs also now seek to recover under the MMWL on behalf of, "All persons working as technicians for Defendants in the State of Missouri from March 2, 2008 through the present." *See* Docket Entry #13, ¶ 30. In their First Amended Complaint, Plaintiffs define "Defendants" to include "DirecTV, Inc. d/b/a DirecTV Home Services, DTV Home Services II, LLC, UP Communications Services, LLC, AeroSat USA, LLC, and Premier Communications." *See* Docket Entry #13, ¶ 9. Further, because Plaintiffs' claims are based on an allegation that DIRECTV, Inc. is a joint employer of technicians employed by its HSPs, Plaintiffs' class allegations include technicians employed by any other HSP with whom DIRECTV does business.[1] Accordingly, whereas in the initial Complaint, Plaintiffs sought to recover on behalf of technicians allegedly jointly employed by a single HSP and DIRECTV, Inc., Plaintiffs First Amended Complaint seeks to recover on behalf of a nationwide class consisting of all technicians who were directly, or indirectly through a joint employment relationship, employed by DIRECTV, Inc. Tellingly, despite the opportunity to do so, Plaintiffs have not disputed that they are seeking to recover on behalf of a national class consisting of all technicians employed by DIRECTV, Inc., whether directly or indirectly via an alleged joint employment relationship with another HSP. Accordingly, Plaintiffs' First Amended Complaint substantially altered both counts of Plaintiffs' Complaint by adding an

---

[1] Plaintiffs' assertion on page 5 of their Memorandum in Opposition that the identities of the opt-in and opt-out classes are the same in their initial Complaint as in their First Amended Complaint is disingenuous, at best. A cursory review of the language demonstrates that the classes are different. Further, in their Opposition, Plaintiffs do not dispute DIRECTV's assertion that they are seeking to bring a national class on behalf of any technician purported to be jointly employed by DIRECTV and any other HSP within a 3 year period of time. Further, prior to filing its Motion to Dismiss, the undersigned counsel called opposing counsel and sought clarification as to the scope of the classes pled in the First Amended Complaint. Counsel indicated he would confer with his co-counsel and respond. He failed to ever respond.

3

additional party, DTV Home Services II, LLC, and dramatically expanding the scope of the proposed classes.

**ARGUMENT**

**A.     Plaintiffs' Individual Allegations Are Legally Insufficient and Should be Dismissed.**

**i.     Plaintiffs Have Not Pled a Joint Employment Relationship with Defendants.**

DIRECTV moved to dismiss Plaintiffs' First Amended Complaint on the basis that Plaintiffs did not properly plead the existence of an employment relationship with either DIRECTV, Inc. or DTV Home Services II, LLC.  Here, Plaintiffs allege that they were employed by "Defendants" whom they define to include DIRECTV, Inc., DTV Home Services II, LLC, Up Communications Services, LLC, AeroSat USA, LLC and Premier Communications.  *See* Docket Entry #13, ¶¶ 9-11.  Plaintiffs' First Amended Complaint wholly fails to specify which particular entity employed them and instead alleges that "Defendants" are "joint employers" of Plaintiffs and other similarly situated technicians under the FLSA and MMWL.  *Id.* at ¶ 23.  As DIRECTV explained in its Motion, Plaintiffs' conclusory allegation that the Defendants were joint employers of Plaintiffs is insufficient to survive a motion to dismiss following *Iqbal* and *Twombly*.  *See Loyd v. Ace Logistics, LLC,* 2008 U.S. Dist. LEXIS 100633 (W.D. Mo. Dec. 12, 2008).  Further, Plaintiff failed to plead any facts necessary to establish the existence of a joint employment relationship, such as **which** entity had the power to hire or fire them, supervised or controlled their work schedules, set the conditions of their employment, determined the rate or method of pay, or maintained their employment records.

In their Opposition, Plaintiffs do not allege that they have pled enough facts to establish a joint employment relationship.  Instead they assert that their First Amended Complaint is sufficient under *Tahir v. Avis Budget Group, Inc.,* 2009 U.S. Dist. LEXIS 115879, (D.N.J. Dec.

4

14, 2009). However, *Tahir* did not even address allegations of a joint employment relationship; rather, it dealt only with a parent corporation's liability for acts of the subsidiary. Here, the Plaintiffs were not employees of a subsidiary of DIRECTV, instead, during the period of employment alleged in the First Amended Complaint, Plaintiffs were actually employed by three different HSPs: Premier Communications; AeroSat; and Live Wire Communications. Plaintiffs have not pled any facts supporting the legal conclusion that DIRECTV, Inc. is the parent company, or the alter ego, or the "successor in liability" of any of the HSPs which employed Plaintiffs. *Tahir* is also inapplicable because its defendants did not challenge plaintiff's legal conclusion with respect to the purported relationships between the entities.[2]

As explained in DIRECTV's Motion to Dismiss, Plaintiffs' allegation that DTV Home Services II, LLC is the "successor-in-liability to Up Communications Services, LLC, AeroSat USA, LLC and Premier Communications" is a legal conclusion, and following *Iqbal* and *Twombly*, legal conclusions are not entitled to a presumption of truth on a motion to dismiss. Plaintiffs have not, and cannot, plead any facts supporting the legal conclusion that DTV Home Services II, LLC is the successor-in-liability to Premier Communications.[3] Plaintiffs' rely on a Minute Entry from *Kautsch v. Premier Communications,* in support of their proposition that DTV Home Services II, LLC is a successor-in-liability to Premier Communications. Neither DIRECTV, Inc., DTV Home Services, II, LLC, nor any subsidiary to either entity was a party to that litigation. Further, Plaintiffs' excerpts misrepresent the content of that hearing. A reading of the Minute Entry which Plaintiffs' attached as Exhibit 1 to their Memorandum in Opposition to Defendants' Motion to Dismiss, demonstrates that the proceeding was a teleconference

---

[2] In fact, in *Tahir* the defendants submitted a declaration which explained that two of the defendants were wholly owned subsidiaries of the third defendant. *See Tahir v. Avis Budget Group, Inc.*, 2009 U.S. Dist. LEXIS 115879 at FN 1 (D.N.J. Dec. 14, 2009).

[3] As explained in Defendants' Memorandum, DTV Home Services II, LLC acquired AeroSat USA after Plaintiffs' employment ended.

5

regarding a letter the court received from the plaintiffs' attorney regarding AeroSat's purported takeover of Premier.  *See* Docket Entry #24; Exhibit 1.  The fact that a plaintiff's lawyer represented to the Court that AeroSat took over Premier's operations in a case in which neither AeroSat nor DIRECTV was a party, is not evidence that there was a corporate transaction that resulted in AeroSat being a successor-in-liability to Premier Communications.  Nor does this Minute Entry cure the Plaintiffs' failure to plead any facts in their First Amended Complaint supporting the legal conclusion that DTV Home Services II, LLC is a successor-in-liability to Premier.  Accordingly, Plaintiffs' citation to *Tahir* misses the mark.

As explained in DIRECTV's Memorandum, Plaintiffs were employed by various HSPs, including Premier Communications, AeroSat USA, and Live Wire.  Plaintiffs have not pled facts alleging a joint employment relationship between DIRECTV and these entities, and with the exception of AeroSat USA, they cannot plead facts alleging a parent-subsidiary or successor-in-liability relationship.  Accordingly, Defendants' Motion to Dismiss should be granted.

### ii. Plaintiffs Have Not Pled Facts Supporting a Claim They Were Paid Less than the Minimum Wage and Not Paid Overtime.

Plaintiffs have attempted to state claims that they were paid less than the minimum wage and were not paid overtime in violation of both the FLSA and MMWL.  Plaintiffs do not dispute that a policy of paying on a piece rate basis does not violate the FLSA or MMWL.  Instead, Plaintiffs allege that because not all tasks were deemed compensable, and because they were allegedly subjected to "charge backs" of an unknown amount at unknown times, they were paid an effective rate less than the minimum wage.  Plaintiffs also contend they were not paid overtime.  Plaintiffs do not dispute that their First Amended Complaint lacks allegations regarding the specific hours worked by Plaintiffs, the compensation paid, the effective hourly rate paid to Plaintiffs, the rates of pay, or the amounts and dates of the charge backs to which

they allege they were subjected. Instead, they contend that the sparse factual allegations in the First Amended Complaint are sufficient to survive a motion to dismiss. Defendants respectfully submit that following *Iqbal* and *Twombly*, factual allegations such as hours worked, compensation paid, and the amounts of deductions purportedly taken are required. These requirements are derived from *Iqbal* and *Twombly*'s mandate that a complaint be plausible on its face and their ruling that merely pleading facts consistent with a defendant's liability is insufficient. *Iqbal*, 129 S.Ct. at 1949. Rather, the facts in the complaint must allow the court to reach a reasonable inference that the defendant is liable. *Id.* Here, Plaintiffs' First Amended Complaint does not contain facts which, if true, would show that Plaintiffs were paid an effective rate less than the minimum wage or were denied overtime compensation as required. Accordingly, their First Amended Complaint does not state a claim upon which relief can be granted for either unpaid minimum wages or overtime premiums. *See Bailey v. Border Foods, Inc.*, 2009 U.S. Dist. LEXIS 93378  (D. Minn. Oct. 6, 2009); *Jones v. Casey's General Stores*, 538 F. Supp. 2d 1094, 1103 (S.D. Iowa 2008); *Zhong v. August August Corp.*, 498 F.Supp. 625, 628-29 (S.D.N.Y. 2007); *Acosta v. Yale Club*, 1995 U.S. Dist. LEXIS 14881 (S.D.N.Y. Oct. 12, 1995).

**B.**     **Plaintiffs' Class and Collective Allegations Are Legally Insufficient and Should be Dismissed.**

In its Opening Brief, DIRECTV explained that Plaintiffs' boilerplate recitation of the elements necessary to establish a Rule 23 class and a Section 216(b) opt-in collective action were inadequate to survive a Motion to Dismiss following *Iqbal* and *Twombly* since they are mere legal conclusions. Plaintiffs do not dispute that their First Amended Complaint contains absolutely no factual allegations supporting a claim that they are similarly situated to other technicians employed by different HSPs. Instead, Plaintiffs assert that now is not the appropriate

7

time for the Court to address these allegations, and that the Court should wait until the parties conduct discovery and brief the issue of certification.

Plaintiffs are attempting to open the door to national discovery for a class of technicians who are employed by hundreds of different HSPs and who are not even directly employed by any Defendant in this case. Plaintiffs' Opposition does not dispute that the First Amended Complaint wholly fails to allege any facts supporting a joint employment relationship with DIRECTV.

As Judge Shaw recognized in *Doyel v. McDonald's Corp.,* 2009 U.S. Dist. LEXIS 9622 (E.D.Mo. Feb. 10, 2009),[4] there are circumstances in which it is appropriate for the Court to address class allegations in the context of a Rule 12(b) motion to dismiss, namely where the complaint itself demonstrates the requirements for class certification cannot be met. DIRECTV respectfully submits that when Plaintiffs purport to bring a class or collective action consisting of individuals not directly employed by either Defendant and where the Complaint wholly lacks factual allegations supporting the legal conclusion that a joint employment relationship with Defendants existed, then a Rule 12(b) motion is, in fact, the appropriate time to address these class and collective action allegations.

This is especially true in light of the procedural and fairness concerns presented by Plaintiffs' proposed classes as explained in detail in DIRECTV's Memorandum. These concerns include: (1) the numerous other actions currently pending brought by other members of

---

[4] Further, the cases Plaintiffs rely on for the proposition that it would be inappropriate for this Court to dismiss the class allegations at the stage of litigation are inapposite because none of the opinions cited involved a challenge to the Court's subject matter jurisdiction over the class allegations. *See Doyel v. McDonald's Corp.*, 2009 U.S. Dist. LEXIS 9622 (E.D. Mo. Feb. 10, 2009); *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 258 F.R.D. 167 (D.D.C. 2009); and *South Broward Hospital District v. MedQuist Inc.*, 516 F. Supp. 2d 370 (D.N.J. 2007). Here, Plaintiffs have only invoked this Court's supplemental jurisdiction over the MMWL claims and DIRECTV is asserting that this Court should decline to exercise that jurisdiction over the class allegations. A Rule 12(b) motion is the appropriate vehicle for the Court to consider whether to exercise supplemental jurisdiction over state law class allegations. *See Harden v. WIS Holding Corp.*, 2008 U.S. Dist. LEXIS 97608 (W.D. Mo. June 27, 2007) (granting motion to dismiss state law Rule 23 claims.)

8

Plaintiffs' proposed collection; (2) the fairness concerns attendant with the Plaintiffs seeking a ruling on the employment relationship between DIRECTV and the employees of its HSPs where these HSPs are not parties to this litigation and given that the contractual relationships between these entities include indemnity provisions and the like; and (3) the need to solicit contact information for the vast majority of the proposed collection and other discovery related to the factors proving or disproving a joint employment relationship from entities that are not named in the suit or even subject to the Court's jurisdiction. Accordingly, dismissal of the class and collective allegations contained in Plaintiffs' First Amended Complaint is appropriate.

### C.  This Court Should Decline to Exercise Supplemental Jurisdiction over the Class Allegations of Plaintiffs' State Law Claims.

In its Memorandum, DIRECTV argued that this Court should decline to exercise its supplemental jurisdiction over the state law claims of individuals who do not affirmatively join this lawsuit on the basis that allowing opt-in and opt-out classes to proceed together will create confusion, the claims are inherently incompatible, and the state law claim will predominate over the federal claims.

There is currently a circuit split over whether Rule 23 class actions and Section 216(b) collective actions can ever proceed together due to their incompatibility, even if the federal court has an independent basis for jurisdiction over the state law claims, such as the Class Action Fairness Act of 2005 ("CAFA"). Although the Eighth Circuit has not yet ruled on this issue, the Court has acknowledged that there is a "fundamental, irreconcilable difference" between Rule 23 class actions and Section 216(b) collective actions. *McKenna v. Champion International Corp.*, 747 F.2d 1211, 1213 (8th Cir. 1984) (overruled on other grounds by *Hoffmann-La Roche v. Sperling*, 493 U.S. 165 (1989)); *see also Schmidt v. Fuller Brush Co.*, 527 F.2d 532, 536 (8th

9

Cir. 1975). Not surprisingly, Plaintiffs' Opposition does not address this language in Eighth Circuit case law.

While not even addressing the issue of supplemental jurisdiction, Plaintiffs erroneously assert that "vast majority of courts" have rejected the arguments in Defendants' brief. *See* Docket Entry #24, 17. Indeed, many of the cases cited by Plaintiffs in their Opposition are distinguishable because: (1) the court had an independent basis of jurisdiction over the state law claims, namely the Class Action Fairness Act of 2005[5] or (2) the defendant removed the case to federal court and then argued the court should not exercise supplemental jurisdiction over the state law claims.[6] Neither of those facts are present in the instant case. Moreover, one case cited by Plaintiffs for the proposition that opt-in/opt-out cases are not inherently incompatible (*DeAscenio v. Tyson Foods, Inc.*, 2002 U.S. Dist. LEXIS 13038 (E.D. Pa. July 17, 2002)) was later reversed by the Third Circuit on the basis that the district court abused its discretion in exercising supplemental jurisdiction over the state law class claims. *See De Asencio v. Tyson*

---

[5] *Sjoblom v. Charter Communications, LLC*, 2007 U.S. Dist. LEXIS 93879 (W.D. Wis. Dec. 19, 2007) (expressly noting that court had jurisdiction over state law claim invoked pursuant to CAFA and noting that other courts have declined to exercise supplemental jurisdiction over state law claims due to incompatibility argument); *Westerfield v. Wash. Mut. Bank*, 2007 U.S. Dist. LEXIS 54830 (E.D.N.Y. July 26, 2007) (court had original jurisdiction over state law claims pursuant to CAFA, and noting that cases declining to exercise supplemental jurisdiction on the basis of incompatibility were inapposite since the complaint alleged original jurisdiction); *Lehman v. Legg Mason, Inc.*, 532 F. Supp. 2d 726, 730 (M.D. Pa. 2007) (stating, "Those cases [rejecting hybrid opt-in/opt-out actions] are distinguishable from the instant matter because they rely on the court's discretion to decline to exercise supplemental jurisdiction over the state law class action."); *In Wells Fargo Home Mortg. Overtime Pay Litig.*, 2007 U.S. Dist. LEXIS 77525 (N.D. Cal. Oct. 17, 2007), *reversed by* 571 F.3d 953 (9th Cir. 2009) (not discussing supplemental jurisdiction); *Bahramipour v. Citigroup Global Mkts., Inc.*, 2006 U.S. Dist. LEXIS 9010 (N.D. Cal. Feb. 22, 2006) (Court had original jurisdiction over state law claim and lawsuit was not a hybrid opt-in/opt-out claim, stating "Plaintiff did not bring an FLSA claim; she brought a State law claim in State court."); and *Espenscheid v. Directsat USA, LLC*, 2010 U.S. Dist. LEXIS 36309 (W.D. Wis. Apr. 12, 2010) (rejecting incompatibility argument on basis of judicial economy because "it makes little sense from the standpoint of judicial economy to require separate causes of action for two sets of nearly identical claims, especially when a court has independent jurisdiction under the Class Action Fairness Act.")

[6] *Marquez v. PartyLite Worldwide, Inc.*, 2007 U.S. Dist. LEXIS 63301 (N.D. Ill. Aug. 27, 2007) (noting that defendant removed the case to federal court but nonetheless stating, "Based on the Advisory Committee Notes to Rule 23 and Congress' addition of the written consent requirement to the FLSA, an opt-out class action is not likely to be the superior method for resolving Plaintiff's state-law claims that Defendant failed to make overtime payments"; *In Wells Fargo Home Mortg. Overtime Pay Litig.*, 2007 U.S. Dist. LEXIS 77525 (N.D. Cal. Oct. 17, 2007) *reversed by* 571 F.3d 953 (9th Cir. 2009) (defendant removed action to federal court); and *Bahramipour v. Citigroup Global Mkts., Inc.*, 2006 U.S. Dist. LEXIS 9010 (N.D. Cal. Feb. 22, 2006) (*stating*, "Plaintiff did not bring an FLSA claim; she brought a State law claim in State court.")

*Foods, Inc.*, 342 F.3d 301 (3rd Cir. 2003). Given that DIRECTV's position is that this Court should decline to exercise supplemental jurisdiction over the state law class claims, the *De Asencio* line of cases does not support Plaintiffs' position.[7]

Plaintiffs also attempt to distinguish Judge Wright's opinion in *Harden v. WIS Holding Corp.,* 2007 U.S. Dist. LEXIS 97608 (W.D. Mo. June 22, 2007). Judge Wright's Opinion in *Harden* is directly on point. In that case, as in this case, the plaintiffs attempted to invoke the court's supplemental jurisdiction over an opt-out state law class, and Judge Wright determined that the court should decline to exercise supplemental jurisdiction because of the inherent incompatibility between hybrid opt-in/opt-out classes, the confusion a hybrid action would create for class members, and the potentially larger number of opt-out class members. In their attempt to distinguish *Harden,* Plaintiffs misrepresent Judge Wright's Opinion.[8] Plaintiffs contend "the key difference in *Harden* and the case at bar was that the *Harden* case involved a number of California-based claims that had little to do with Missouri." Docket Entry #24, 20. As here, *Harden* involved only a <u>single</u> state law count. *Id.* at *2-3. Moreover, while it is true the state law claim in *Harden* was a California state law claim, the fact that it was a California, as opposed to Missouri, claim was not relied on by Judge Wright in his Opinion. Accordingly, Plaintiffs' attempt to distinguish *Harden* lacks merit.

---

[7] Finally, in one case cited by Plaintiffs, *Trotter v. Perdue Farms, Inc.*, 2001 U.S. Dist. LEXIS 13212, (D. Del. Aug. 16, 2001), the defendants did not even argue that the court should decline supplemental jurisdiction on the basis that hybrid opt-in/opt-out schemes were incompatible and an opt-out class action frustrated Congress's opt-in scheme, but instead contested class certification on the grounds that commonality and typicality were lacking and that plaintiffs were not adequate class representatives. The fact that a court allows a hybrid opt-in/opt-out action to proceed, where the defendant did not argue that the court should decline to exercise supplemental jurisdiction on the basis of the incompatibility of hybrid actions and frustration of Congress's opt-in scheme, is not a rejection of those arguments. *Woodard v. FedEx Freight E., Inc.*, 250 F.R.D. 178, 189 (M.D. Pa. 2008) (striking state class allegations, *stating*, "That these courts allowed the FLSA and state law claims to proceed together is not a rejection, *sub silentio*, of the arguments advanced by [defendant]."

[8] This misrepresentation is particularly troubling since Plaintiffs' counsel were also counsel in the *Harden* case.

Plaintiffs also attempt to minimize the "handful" of cases cited by DIRECTV. DIRECTV did not undertake to cite to every case holding that opt-in and opt-out claims are inherently incompatible and should not be permitted to proceed together, as counsel did not believe this Court would benefit from a laundry list of string cites. As the case citations make clear, numerous courts across the country have adopted Defendants' position, and for the reasons set forth in DIRECTV's Memorandum in Support, DIRECTV respectfully submits that it is the better reasoned position.[9]

### D. MMWL Claims Cannot Be Prosecuted as Rule 23 Class Actions.

In its Memorandum, DIRECTV argued that MMWL claims may not proceed as Rule 23 class actions because: (1) the MMWL, unlike other Missouri statutes, does not expressly authorize class actions and (2) the overtime provision of the MMWL instead incorporates the FLSA, which does not allow class actions. In its Opposition, Plaintiffs do not dispute these two propositions. Instead, Plaintiffs assert that MMWL claims can proceed as Rule 23 claims because only the overtime provision, and not the remedy provision, of the MMWL incorporates the FLSA. Because Plaintiffs are seeking to recover unpaid overtime, this is a distinction without a difference. Further, the remedy provision of the MMWL does not provide for recovery by class action. *See* MO. REV. STAT. 290.527. Instead, it provides only an "employee" may bring any legal action necessary to collect the claim. *Id.* The statute makes no provision for an employee to bring claims on behalf of other aggrieved employees.

---

[9] Tellingly, Plaintiffs fail to address the argument that given the factual and legal similarities between Plaintiffs' FLSA and state law claims, which they plead as if they were interchangeable, an adjudication of Plaintiffs' state law claims on behalf of a Rule 23 class would have preclusive effect on the parallel FLSA claims of every member of the Rule 23 class, including those who do not consent to join the FLSA collective action. *See Kuncl v. IBM*, 660 F. Supp. 2d 1246 (N.D. Ok. 2009) (holding that plaintiff's FLSA and Oklahoma state claims were barred by the doctrine of res judicata because plaintiff failed to opt-out of a hybrid state law/FLSA action that was settled in California, even though plaintiff did not opt-in to the FLSA claim).

Plaintiffs rely on two cases in support of their position that MMWL overtime claims can proceed as class actions, but neither case is on point. First, Plaintiffs rely on Judge Shaw's opinion in *Doyel*. However, the question of whether MMWL claims can proceed as a Rule 23 class action was not before the Court in *Doyel*, as the defendants did not challenge the availability of Rule 23 classes for MMWL claims. Accordingly, *Doyel* does not support Plaintiffs' position. Finally, Plaintiffs seek to rely on *Lopez v. Tyson Foods, Inc.*, 2008 U.S. Dist. LEXIS 78685 (D. Neb. May 1, 2008), in which the court held that Nebraska Wage Payment claims could proceed as a Rule 23 class. *Lopez* is not on point because the Nebraska statute did not expressly incorporate the FLSA. Here, the MMWL's overtime provision does incorporate the FLSA and the FLSA has been interpreted to disallow opt-out class treatment of overtime claims. Accordingly, a claim for unpaid overtime under the MMWL cannot proceed as a Rule 23 opt-out class action.

### E.     DIRECTV's Motion to Dismiss is Timely.

Plaintiffs assert that this Court should ignore the significant and fatal defects in their First Amended Complaint on the basis that DIRECTV purportedly "waived" these non-waivable defenses because DIRECTV answered Plaintiffs' Complaint. This argument lacks merit.

Defendants' Motion to Dismiss is brought under Rule 12(b)(6) for failure to state a claim and Rule 12(b)(1) for lack of subject matter jurisdiction over the Rule 23 class claims brought under the MMWL. Defenses of failure to state a claim and lack of subject matter jurisdiction are not among the defenses that can be waived under Rule 12. *See* Fed. R. Civ. P. 12(h).[10] Second, DTV Home Services II, LLC was not a party in this case until Plaintiffs filed their First

---

[10] Further, even if this Court were to ignore the fact that Plaintiffs' filed an amended complaint and Defendants' Motion to Dismiss is the first responsive pleading to the First Amended Complaint, the Eighth Circuit treats post-answer Rule 12(b)(6) motions to dismiss as Rule 12(c) motions. *See Westcott v. City of Omaha,* 901 F.2d 1486 (8th Cir. 1990).

13

Amended Complaint on May 5, 2010. Accordingly, DTV Home Services II, LLC could not have waived any of its defenses, even if these defenses were deemed waivable. Third, DIRECTV, Inc.'s initial pleading in this case, its Answer to Plaintiffs' Complaint, specifically asserted that Plaintiffs' claims could not proceed as a class or collective action and that Plaintiffs had failed to state a claim upon which relief could be granted.

Moreover, the case Plaintiffs rely on in support of their proposition that this Court should not now entertain Defendants' Motion to Dismiss the First Amended Complaint because DIRECTV, Inc. answered Plaintiffs' initial Complaint, is factually distinguishable from this case in dispositive ways. Plaintiffs' rely on Judge Webber's unpublished opinion in *Wilson Consulting, Inc. v. Keller Construction*, 2006 U.S. Dist. LEXIS 73691 (E.D. Mo. Sept. 26, 2006). In *Wilson Consulting, Inc.*, there was no change in the identities of the defendants between the plaintiff's initial complaint and the plaintiff's first amended complaint. Here, in contrast, Plaintiffs' First Amended Complaint changed the identities of the Defendants, terminating Aerosat USA LLC and DirecTV Home Services, Inc. and adding DTV Home Services II, LLC. Moreover, the procedural posture of the cases is different. In *Wilson Consulting, Inc.*, defendants brought a motion to dismiss the first amended complaint, after bringing a motion to dismiss the initial complaint. Accordingly, Rule 12(g) governing subsequent motions to dismiss applied. Here, DIRECTV has brought only one motion to dismiss and so Rule 12(g) has no application.

Finally, as discussed above, the First Amended Complaint significantly changed the scope of both the FLSA and MMWL claims by seeking to recover on behalf of not just those technicians allegedly jointly employed by AeroSat and DIRECTV, Inc., as alleged in the initial Complaint, but on behalf of technicians purportedly jointly employed by DIRECTV, Inc. and

any of its HSPs, nationwide.  Judge Webber specifically recognized in *Wilson Consulting, Inc.* that where a plaintiff files an amended complaint that changes the scope of the case, the defendants may treat the amended complaint as the original complaint.  *Wilson Consulting, Inc.*, 2006 U.S. Dist. LEXIS 73691 at *12-14.  Here, Plaintiffs' First Amended Complaint changes the scope of the case and as such, may be treated as the original complaint.  Accordingly, Plaintiffs' claim that Defendants waived their arguments by initially answering Plaintiffs' Complaint lacks merit.

## CONCLUSION

For the reasons set forth in DIRECTV's Memorandum in Support of its Motion to Dismiss, and herein, DIRECTV respectfully requests that this Court dismiss Plaintiffs' First Amended Complaint.

Respectfully submitted,

/s/ Patricia J. Martin
Kimberly A. Yates, #102099
Patricia J. Martin, #518160
LITTLER MENDELSON, P.C.
Two CityPlace Drive
Suite 200
St. Louis, MO  63141
Telephone: 314.432.4797
Facsimile: 314.432.4796
kyates@littler.com
pmartin@littler.com
Counsel for Defendants

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 7th day of June, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following: Bradford B. Lear and Todd C. Wertz, Lear Wertz LLP, 2003 West Broadway, Columbia, Missouri 65203, and George A. Hanson, Stueve Siegel Hanson LLP, 460 Nichols Road, Suite 200, Kansas City, MO 64112, Attorneys for Plaintiff.

/s/ Patricia J. Martin