IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **JAMIE ARNOLD and CLINTON FEGER, Individually and on behalf of all others similarly situated,**<br><br>Plaintiffs,<br><br>vs.<br><br>**DIRECTV, INC. d/b/a DIRECTV HOME SERVICES and DTV HOME SERVICES II, LLC,**<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No: 4:10-CV-00352-AGF |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS OR STAY IN FAVOR OF PRIOR LITIGATION

Plaintiffs Jamie Arnold and Clinton Feger, two former satellite installation and repair technicians, seek to bring a collective action to recover unpaid wages and overtime under the Fair Labor Standards Act, on their own behalf and on behalf of all others similarly situated. Currently pending before this Court is Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint. Since the time Defendants filed their briefing on their Motion to Dismiss, discussions with opposing counsel have made clear that Arnold and Feger seek to bring a claim on behalf of all technicians who worked on DIRECTV systems nationwide, regardless of whether the technicians were employed by DIRECTV, Inc. or by one of the hundreds of Home Service Providers ("HSP") DIRECTV, Inc. contracts with to install and repair DIRECTV systems. Because this same claim is already being litigated before the United States District Court for the Eastern District of Louisiana in *Lang v. DIRECTV, Inc., et al.*, No. 10-1085, and

1

because the *Lang* case was filed before the present case, this Court should dismiss this action without prejudice or stay this action while the *Lang* litigation goes forward.

## BACKGROUND FACTS

A.   **The *Lang* Action.**

  i.   **The Parties.**

On February 22, 2010, Christian Lang, Dwayne Humphrey, Larry Tucker and Gary Smith, satellite technicians who install and repair DIRECTV systems in the state of Louisiana, (collectively "the *Lang* Plaintiffs") brought an action on behalf of themselves and all similarly situated employees against DIRECTV, Inc., and two HSPs in Louisiana. The *Lang* Plaintiffs were not directly employed by DIRECTV, Inc. but rather were employed by a HSP. Nonetheless, the *Lang* Plaintiffs allege that DIRECTV, Inc. was their joint-employer under the FLSA. *See Lang Complaint* ¶¶ 3, 8, and 10, attached hereto as Exhibit A (*stating*, "Defendants acted as joint employers, co-conspirators, and/or successors in interest.").

The *Lang* Plaintiffs propose a collection of "all employees and former employees of Defendants who have been employed by Defendants as technicians, installers, or field trainers, in any facility owned and/or operated by Defendants." *See Lang Complaint* ¶ 27. Plaintiffs' proposed collection is nationwide in scope and seeks to include all technicians who work on DIRECTV systems regardless of the identity of the technician's direct employer. The *Lang* Plaintiffs seek to represent, on a nationwide basis, the same technicians that Arnold and Feger now seek to represent in this action.

The *Lang* action was initially filed in Louisiana state court, but was removed to federal court and is currently pending in the United States District Court for the Eastern District of Louisiana. The case is styled *Lang et al. v. DIRECTV, Inc., et al.*, Case No. 2:10-cv-01085.

### ii. The Claims.

The *Lang* Plaintiffs allege that DIRECTV, Inc. violated the FLSA by paying technicians on a per task basis, not paying for all hours worked, not paying overtime, deducting charge backs from their paychecks, and failing to keep accurate time records as required. *See Lang Complaint*, Exhibit A, ¶¶ 15, 21.

### B. The *Arnold* Action.

#### i. The Parties in the *Lang* Action are Substantially Similar to the Parties in this Action.

On March 2, 2010, Plaintiffs Arnold and Feger brought the instant action on behalf of themselves and all other similarly situated employees against DIRECTV, Inc., AeroSat USA LLC, and DirecTV Home Services, Inc. Plaintiffs initially proposed a collection of "All persons working as technicians jointly for AeroSat USA, LLC or its successor DIRECTV Home Services, Inc. and DIRECTV, Inc." *See Complaint*, Docket Entry #1, ¶ 27. In Count II, Plaintiffs asserted a parallel state law claim for unpaid wages and overtime under the Missouri Minimum Wage Law.

On May 5, 2010, Plaintiffs filed a First Amended Complaint, changing the identity of the Defendants other than DIRECTV, Inc., by terminating Aerosat USA LLC and DirecTV Home Services, Inc. and adding DTV Home Services II, LLC. In addition, Plaintiffs changed their proposed collection to include "All persons working as technicians for Defendants from March 2, 2007 through the present." *See First Amended Complaint*, Docket Entry #13, ¶ 27.

Plaintiffs in this case, as with the *Lang* Plaintiffs, were not directly employed by DIRECTV, Inc. Instead, they allege that DIRECTV, Inc. was a joint employer under the FLSA. *See First Amended Complaint*, Docket Entry #13, ¶ 23.

On August 24, 2010, the parties participated in a scheduling conference before the Court. Following the conference, counsel discussed the scope of Plaintiffs' proposed collection of technicians. That discussion made clear that Plaintiffs are seeking to bring their claim on behalf of any technician who works on DIRECTV systems, regardless of the identity of the technician's direct employer. Accordingly, it became apparent that Plaintiffs in this case, like the *Lang* Plaintiffs, are seeking to recover from DIRECTV, Inc. on behalf of any technician who installs or repairs DIRECTV systems nationwide.

      **ii.**      **The Claims in the *Lang* Action are Substantially Similar to the Claims in this Action.**

The Plaintiffs in this case, as in the *Lang* case, are alleging that DIRECTV, Inc. violated the FLSA by paying technicians on a per task basis, not paying for all hours worked, not paying overtime, deducting charge backs from their paychecks, and failing to keep accurate time records. *See First Amended Complaint*, Docket Entry #13, at ¶¶ 17-21, 26. In both cases, Plaintiffs allege that DIRECTV, Inc. is the joint employer of all technicians who work for its HSPs.

As discussed below, because *Lang* is materially identical to this case, this Court should, under the first-filed rule, dismiss the action without prejudice or stay this action pending resolution of the *Lang* action.

**ARGUMENT**

**A.**      **This Court Should Dismiss the Complaint Under the First-Filed Rule and in the Interests of Federal Comity.**

As the Eighth Circuit has explained, the well established first-filed rule holds that when a complaint involving the same parties and issues has already been filed in another district, the first suit filed should proceed and the second suit filed should not:

4

> The well-established rule is that in cases of concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case. This first-filed rule is not intended to be rigid, mechanical, or inflexible, but is to be applied in a manner best serving the interests of justice. The prevailing standard is that in the absence of compelling circumstances, the first-filed rule should apply.

*United States Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488-89 (8th Cir. 1990) (internal citations and quotations omitted). The purposes of the first-filed rule are to conserve judicial resources and avoid conflicting rulings. *Keymer v. Mgmt. Recruiters Int'l, Inc.*, 169 F.3d 501, 503 n.2 (8th Cir. 1999); *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002 (8th Cir. 1993).

As explained by the Eighth Circuit, the first-filed rule applies when "parallel" litigation has been instituted in separate courts. *Northwest Airlines, Inc.*, 989 F.2d at 1006. Generally, two cases are considered to be "parallel" when they involve essentially identical or substantially similar parties and issues. *LDM Group, LLC v. Catalina Mktg. Corp.*, 2009 U.S. Dist. LEXIS 53398 (E.D. Mo. June 24, 2009). Courts across the country apply the first-filed rule in the context of FLSA collective actions. *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686 (E.D. Tenn. 2005); *Walker v. Progressive Cas. Ins. Co.*, 2003 U.S. Dist. LEXIS 7871 (W.D. Wash. May 9, 2003); *Goldsby v. Ash*, 2010 U.S. Dist. LEXIS 40213 (M.D. Ala. Apr. 22, 2010); *Nava v. Belfor USA Group, Inc.*, 2008 U.S. Dist. LEXIS 45041 (E.D. Mich. June 10, 2008).

When the first-filed rule applies, the district court where the second-filed action is pending has discretion to dismiss the action without prejudice, stay the action, or transfer the action to the district court where the first filed action is pending. *Watson v. Homecomings Fin., LLC*, 2009 U.S. Dist. LEXIS 99260 (D. Minn. Oct. 23, 2009).

### i. The Parties are Substantially Similar.

In the context of FLSA collective actions, the parties are considered substantially similar for purposes of the first-filed rule where, "the same individuals could receive two opt-in notices for the same claim but in different courts. That such a confusing result could occur evidences that the collective classes are substantially similar." *Fuller,* 370 F. Supp. 2d at 690. It does not matter that the named plaintiffs are different individuals or that because of the opt-in feature of FLSA collective actions, the identities of the individuals who actually opt-in to each lawsuit may be different. *Id.* at 689-690. Here, if both the *Lang* Plaintiffs and Plaintiffs Arnold and Feger are successful in conditionally certifying their proposed classes, technicians who installed or repaired DIRECTV systems would receive opt-in notices for the same claim in two different courts. *See Watson,* 2009 U.S. Dist. LEXIS 99260 (finding the parties were substantially similar despite having different named plaintiffs because "the putative class in the present action is wholly encompassed by the putative class in [first-filed action].").

Moreover, in both lawsuits, Plaintiffs seek to recover from DIRECTV, Inc. Although the plaintiffs in *Lang* and *Arnold* have named different additional defendants as parties, the presence of these additional defendants does not prevent application of the first-filed rule. *Biotronik, Inc. v. Guidant Sales Grp.*, 2009 U.S. Dist. LEXIS 52635, *5-6 (D. Or. June 22, 2009) (holding "[t]he parties . . . need not be exactly identical; there may be additional parties . . . ."); *Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F. Supp. 2d 949 (N.D. Cal. 2008); *Goldsby*, 2010 U.S. Dist. LEXIS 40213 (applying first-filed rule even though second suit named additional defendants not named in first filed action). Accordingly, the plaintiffs and defendants in both lawsuits are substantially similar for purposes of the first-filed rule.

### ii.     The Issues are Substantially Similar.

In both the present litigation and the *Lang* litigation, Plaintiffs allege that: (1) DIRECTV, Inc. was a joint employer of the technicians who installed DIRECTV systems and (2) DIRECTV, Inc. violated the FLSA by paying technicians on a per task basis, not paying for all hours worked, not paying overtime, deducting charge backs from their paychecks, and failing to keep accurate time records.  Accordingly, the issues in both lawsuits substantially overlap because resolution of the FLSA claim in the *Lang* matter would "leave little to be decided" with respect to the FLSA claim in the present lawsuit.  *Fuller*, 370 F. Supp. 2d at 690.

Count II of Plaintiffs' First Amended Complaint, which alleges that the same conduct violated the Missouri Minimum Wage Law with respect to technicians who worked in Missouri, is also substantially similar to the *Lang* action.  This is because the overtime provision of the MMWL provides that it is to be interpreted in accordance with the FLSA.  *See* MO. REV. STAT. § 290.505.4.  *See also Fisher v. Rite Aid Corp.*, 2010 U.S. Dist. LEXIS 56383 (D. Md. June 8, 2010) (dismissing state law wage and hour claim under the first-filed rule as duplicative of pending FLSA suit); *Walker*, 2003 U.S. Dist. LEXIS 7871, (same).

### iii.    The First-Filed Doctrine Should be Applied to this Case to Avoid Undue Burdens and the Prevent Inconsistent Determinations.

The first-filed rule should be applied to avoid unduly burdening the Court and DIRECTV, Inc., and to avoid inconsistent judgments.  "The [first-filed] doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments."  *Church of Scientology of California v. United States Dep't of the Army*, 611 F.2d 739 (9th Cir. 1979).

In this case, judicial economy would be served by application of the first-filed rule.  It would prevent two district courts, both of which are already overburdened, from having to hear

and resolve the same issues, and unnecessarily duplicate their efforts. Further, DIRECTV, Inc. would not be needlessly burdened by the duplicative costs of simultaneous litigation, by not having to attend numerous depositions twice, not having to produce thousands of documents twice, and not having to brief the pertinent issues twice.[1]

Moreover, there is a very real risk of conflicting judgments were this action and the *Lang* action allowed to proceed simultaneously. This Court may determine that the nationwide class of technicians employed by DIRECTV's HSPs were not, in fact, jointly employed by DIRECTV, Inc. while the District Court in Louisiana may come to the completely opposite conclusion. To avoid the risk of inconsistent determinations, this Court should dismiss or stay this action in deference to the *Lang* action.

    **iv.** **There are No Compelling Circumstances Sufficient to Depart from the First-Filed Rule.**

As the Eighth Circuit has explained, "in the absence of compelling circumstances, the first-filed rule should apply." *Goodyear Tire & Rubber Co.*, 920 F.2d at 488-89; *see also Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 120 (8th Cir. 1985). Departure from the first-filed rule is an exception only utilized in "rare or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping." *EEOC v. University of Pennsylvania,* 805 F.2d 969, 972 (3rd Cir. 1998) *aff'd* 493 U.S. 182 (1999). In the present case, there is no

---

[1] The purposes of the first-filed rule would be particularly well served in the present case given that even the first-filed *Lang* litigation itself is duplicative to some extent of the regional wage and hour litigation that has been filed by technicians against the HSPs that directly employed them. *See e.g. Stephan, et al. v. Michigan Microtech, Inc., et al.*, No. 2008-12136, (E.D. Mich.) (proposed collection of all current and former technicians employed by DIRECTV's Michigan HSP and paid on a per job basis after August 10, 2005); *Davis v. JBM, Inc., et al.*, No. 2008-00642, (S.D. Ohio) (proposed collection of all current and former technicians employed by a DIRECTV HSP in Illinois and paid on a per job basis after August 10, 2005); *Laichev, et al. v. JBM, Inc.*, No. 2007-00802, (S.D. Ohio) (collection of all technicians who have worked for a DIRECTV HSP in Ohio from August 10, 2005 to the present); and *Waterman v. Multiband Corporation, et al.*, No. 2009-02541, (W.D. Tenn.) (proposed collection of all current and former non-exempt employees at an Atoka, Tennessee location employed by DIRECTV HSP in Tennessee and two of its subcontractors during last three years). This action and the *Lang* action differ from these regional actions in that the plaintiffs are seeking to recover on behalf of all technicians who work on DIRECTV systems regardless of the identity of the technician's direct employer. If either this action or the *Lang* action is conditionally certified, many technicians will receive multiple opt-in notices for the same claim, but from different courts.

evidence of any rare or extraordinary circumstance such as bad faith, anticipatory suit, or forum shopping, that would dictate a departure from the first-filed rule.

The *Lang* action is already being fully litigated. The *Lang* Court has entered a comprehensive case management order setting the *Lang* matter for trial on March 21, 2011. Because there are no special factors that would dictate disregarding this well-established rule, it is within the sound discretion of this Court to dismiss or stay this action.

**B.     This Court Should Decline to Exercise Supplemental Jurisdiction Over Count II of the Complaint Pursuant to 28 U.S.C. § 1367(c)(3).**

As discussed above, the first-filed rule is applicable to both Counts I and Counts II of the First Amended Complaint. However, if this Court declines to apply the first-filed rule to Count II of the First Amended Complaint, Defendants respectfully submit the Court should dismiss Count II under 28 U.S.C. § 1367(c)(3). In Count II, Plaintiffs purport to state a claim under the Missouri Minimum Wage Law. But for Count I, this Court would not have subject matter jurisdiction over Count II. Rather, Plaintiffs assert that this Court has supplemental jurisdiction over Count II based upon 28 U.S.C § 1367. *See First Amended Complaint,* ¶ 5.

Pursuant to 28 U.S.C. § 1367(a)(3), a "district may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." Accordingly, dismissal of Count II is appropriate under not only the "first-filed" doctrine, but under 28 U.S.C. § 1367(c)(3) as well.

## CONCLUSION

For the forgoing reasons, Defendants respectfully request that this Court apply the first-filed rule and dismiss Plaintiffs' First Amended Complaint without prejudice or stay this litigation.

Respectfully submitted,

/s/ Patricia J. Martin
Kimberly A. Yates, #102099
Patricia J. Martin, #518160
LITTLER MENDELSON, P.C.
One Metropolitan Square
211 North Broadway, Suite 1500
St. Louis, MO  63102
Telephone: 314.659.2000
Facsimile: 314.659.2099
kyates@littler.com
pmartin@littler.com

Counsel for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 27th day of August, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following: Bradford B. Lear and Todd C. Wertz, Lear Wertz LLP, 2003 West Broadway, Columbia, Missouri 65203, and George A. Hanson, Stueve Siegel Hanson LLP, 460 Nichols Road, Suite 200, Kansas City, MO 64112, Attorneys for Plaintiff.

/s/ Patricia J. Martin

Firmwide:97111872.5 044840.1083