UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMIE ARNOLD and CLINTON FEGER Individually and on behalf of all others similarly situated, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>DIRECTV, INC., d/b/a DIRECTV HOME SERVICES; and DTV HOME SERVICES II, LLC, )<br><br>Defendants. ) | Case No. 4:10CV00352 AGF |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' joint motion to dismiss the case for failure to state a claim and for lack of supplemental jurisdiction over the state law class allegations (Doc. #19), and Defendants' joint motion to dismiss the case without prejudice, or stay the case, in favor of prior litigation (Doc. #35). Oral argument was held on these motions on October 7, 2010. For the reasons set forth below, both motions shall be denied.

## BACKGROUND

This is a civil action for unpaid minimum wages and overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. §§ 290.500-530. The action was filed on March 2, 2010. The two individual Plaintiffs allege that they worked as satellite installation and repair technicians for the two corporate Defendants and their three named alleged

"predecessors-in-liability."  Count I is brought as an "opt-in" collective action under

FLSA, § 216(b),[1] on behalf of Plaintiffs and all persons who worked as technicians for

Defendants and their alleged predecessors-in-liability from March 2, 2007, and after.

Count II is brought under the MMWL as a Federal Rule of Civil Procedure 23 class

action on behalf of Plaintiffs and all persons who worked as technicians for Defendants

and their alleged predecessors-in-liability from March 2, 2008, and after.

In their original complaint, Plaintiffs named as Defendants Aerosat USA, LLC;

DirecTV Home Services, Inc.; and DirecTV, Inc.  Plaintiffs alleged that they had been

employed by the defendants and that, on information and belief, DirecTV Home Services,

Inc., was a wholly-owned subsidiary of Defendant DirecTV, Inc., and was the successor

entity to Defendant Aerosat USA, LLC.

In their answer, Defendants referred to themselves as "Defendants DirecTV, Inc.

d/b/a DirecTV Home Services and DTV Home Services II, LLC (formerly known as Up

Communications Services, LLC, formerly known as AeroSat USA, LLC, and improperly

named as AeroSat USA, LLC and DirecTV Home Services, Inc.)."  They admitted that

they were in the business of, among other things, providing satellite television service to

businesses and consumers, and that Plaintiffs worked as satellite installation technicians

for AeroSat USA, LLC, which, upon information and belief, subsequently became named

Up Communications Services, LLC.  They also admitted that Plaintiff's principal job duty

---

[1]   Section 216(b) permits an employee to bring suit against an employer on "behalf of
himself . . . [a]nd other employees similarly situated."

2

in this role was to "install, repair, and upgrade DirecTV satellite television services."  But Defendants denied that Plaintiffs had been employed by "Defendant DirecTV, Inc. d/b/a DirecTV Home Services and DTV Home Services II, LLC."  (Doc. #7).

Thereafter, Plaintiffs filed the current First Amended Complaint, naming as Defendants, DirecTV, Inc. d/b/a DirecTV Home Services; and DTV Home Services II, LLC.  Plaintiffs allege that they were "jointly employed" by Defendants and their three predecessors-in-liability: Up Communications Services, LLC; AeroSat USA, LLC; and Premier Communications.  Plaintiffs further allege that they were paid on a per-task basis and were not compensated for all hours worked.  They allege that in addition to performing certain tasks designated by Defendants as compensable, Plaintiffs performed other tasks, such as attending meetings, completing paperwork, maintaining work vehicles, stocking vehicles with inventory and supplies, and traveling to and from job sites, which were integral and necessary to their principal responsibilities, but for which they were not compensated.

Plaintiffs further allege that they were subject to "charge backs," pursuant to which their pay would be withheld for certain jobs if a customer complained.  Plaintiffs claim that they "routinely worked more than forty hours per week for Defendants," "were not paid a premium for work done beyond forty hours in a given workweek," and "were routinely subjected to working at an effective wage rate of less than the applicable minimum wage."  Plaintiffs also allege that they were required to wear "DirecTV" uniforms which they were required to obtain from a "DirecTV" website, and to display

3

"DirecTV" magnets and window stickers on their vehicles.

As noted above, this action was commenced on March 2, 2010.  Eight days earlier, on February 22, 2010, a case entitled Lang v. DIRECTV, Inc., ("Lang") was filed in Louisiana state court.  Lang was removed to the United States District Court for the Eastern District of Louisiana on April 9, 2010 (Case No. 10-1085).  The plaintiffs in Lang are four individuals who were current and former employees of "Defendants" working as installers and servicers of DIRECTV satellite equipment "in Louisiana and other states." The defendants in Lang are DIRECTV, and two home service providers that sold and serviced TV satellite systems within Louisiana.  The action was brought as (1) a collective action under the FLSA for lawfully earned wages on behalf of all "'employees' of Defendants" who worked for Defendants as "joint employers" within the United States in the three years preceding the filing of the action; and (2) a class action for violations of Louisiana wage and hours law.  The allegedly violative practices of the defendants was essentially the same practices challenged in the present lawsuit.

On August 13, 2010, the Louisiana District Court denied the plaintiffs' motion to remand the case to state court, and denied the defendants' motion to dismiss the FLSA claim.  The Court held that the plaintiffs had made sufficient allegations of employment by all named defendants, most notable by DIRECTV, to survive a motion to dismiss; and that the determination of whether the named plaintiffs were similarly situated to other employees who were potential members of a collective action would be determined at the conditional certification stage of FLSA collective actions.

4

On August 13, 2010, the named plaintiffs in <u>Lang</u> filed an amended complaint, adding a claim that the defendants therein retaliated against them in violation of the FLSA for filing the action.

It is not disputed that the allegedly violative practices of the defendants are the same in both lawsuits.  It is also not disputed that counsel for Plaintiffs in the present suit did not know about the <u>Lang</u> case.

## ARGUMENTS OF THE PARTIES

In support of their motion to dismiss without prejudice, or to stay the case, in favor of prior litigation, Defendants argue that the "first-filed rule" mandates dismissal or a stay of this action, pending resolution of the Louisiana action.  Plaintiffs respond that for purposes of the first-filed rule, the present case and not the <u>Lang</u> action is the first-filed case because the present case was filed in federal court first.  Plaintiffs argue that the rule does not apply to a prior state court filing because state court actions do not enjoy the same deference, on comity grounds, as a federal case.  In addition, Plaintiffs argue that the first-filed rule does not apply here because this action and <u>Lang</u> do not involve the same defendants; nor do the two suits involve the same plaintiffs, as individuals are required to opt in to the FLSA claims, and some technicians may be willing to join in an action pending in Missouri but not willing to join an action pending in Louisiana, or vice versa.

In the other motion before the Court, Defendants argue that Plaintiffs' First Amended Complaint should be dismissed for failure to state a claim; that the Court

should  decline to certify the class and dismiss the collective action allegations because they are legally insufficient; and/or that the Court should decline to exercise supplemental jurisdiction over Count II or dismiss Count II on the ground that it cannot proceed in the same lawsuit with an opt-in collective action.

Defendants first argue that the complaint fails to state a claim because it fails to sufficiently plead the existence of an employment relationship with either named Defendant.  Defendants explains as follows:

> By way of background, DIRECTV provides its satellite television services to over twenty-five million customers in the United States through technicians and installers.  To provide these services, DIRECTV employs some individuals, and it also contracts with independent entities known as Home Service Providers ("HSPs").  All of DIRECTV's HSPs directly employ technicians or engage independent contractors to install DIRECTV systems, and some also utilize subcontractors who either directly employ their own technicians or engage independent contractors to perform under their contracts.  As relevant here, Premier Communications, AeroSat USA, and Live Wire Communications were HSPs that operated in Missouri.

(Doc. #19 at 3 n.2.)

Defendants contend that under the new pleading standard set forth in <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009), Plaintiffs' complaint should be dismissed because the allegation that Defendants were "joint employers" with the three HSPs, which Plaintiffs allege were Defendants' predecessors-in-liability, is conclusory, and the complaint fails to plead any facts supporting this allegation.  Defendants further argue that Plaintiffs have not pled specific facts supporting the claim that they were paid less than minimum wage and overtime.

Alternatively, Defendants argue that the collective and class actions should be dismissed because Plaintiffs' complaint merely contains a boilerplate recitation of elements necessary to establish a collective and class action.  Defendants contend that a Rule 12(b) motion is a proper vehicle for addressing the sufficiency of collective/class allegations, and that it would be unfair to Defendants to allow Plaintiffs to proceed with a nationwide FLSA collective action on behalf of technicians employed by Defendants' HSPs, in light of the other such actions currently pending across the nation.

Defendants further argue that the Court should decline to exercise supplemental jurisdiction over Count II because allowing the opt-in and opt-out class claims to proceed together would create confusion; the two actions are inherently incompatible; the state claim will predominate over the federal claim, frustrating the scheme created by Congress for addressing FLSA claims; and the MMWL does not authorize Rule 23 class action, but rather incorporates the FLSA, which allows for only opt-in collective actions.

Plaintiffs respond that many of Defendants' arguments were waived because they were not raised in a motion to dismiss the initial complaint.  They argue that in any event, the amended complaint pleads sufficient facts to survive a motion to dismiss, that Defendants' attempt to litigate collective/class certification by means of a motion to dismiss for failure to state a claim should be rejected, and that the collective and class claims can proceed in one lawsuit.  The Court rejects Plaintiffs' waiver argument and will address Defendants' arguments raised in the motion to dismiss the First Amended Complaint.

# DISCUSSION

## Application of First-filed Rule

"To conserve judicial resources and avoid conflicting rulings, the first-filed rule gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." Nw. Airlines, Inc. v. Am. Airlines, Inc., 989 F.2d 1002, 1006 (8th Cir. 1993). The rule "is not intended to be rigid, mechanical, or inflexible, but is to be applied in a manner best serving the interests of justice." Id. at 1005 (citation omitted). The prevailing standard is that "in the absence of compelling circumstances the first-filed rule should apply." Id. at 1005 (citation omitted). However, district courts enjoy wide discretion in applying the first-filed rule. Id. at 1004.

Upon review of the record, the relevant case law, and the arguments of the parties, this Court declines to apply the first-filed rule to dismiss or stay the present case, for several reasons. Although several district courts have applied the first-filed rule to FLSA collective actions, see, e.g., Abushalieh v. Am. Eagle Exp., Inc., No. 10-211, 2010 WL 2301150 (D.N.J. Jun. 7, 2010), this Court is not convinced that the rule is a good fit for such actions. Generally, the rule is applied when the two cases are between the same parties litigating essentially the same issue, with one party being the plaintiff in one case and the defendant in the other, and vice versa. The decision of whether to apply the first-filed often turns on whether one party unfairly "raced to the courthouse." See, e.g., Innovation Ventures, L.L.C. v. Custom Nutrition Labs., 534 F. Supp. 2d 754 (E.D. Mich.

8

2008).  This is not the case here.

Application of the rule in the FLSA opt-in collective action context would, in theory, limit all potential members of a nation-wide class to opt into just one and the same collective action in all the federal district courts.  Defendants have not pointed to anything in the FLSA itself that indicates that such a situation was intended.  The Court notes that the prejudice claimed by Defendants resulting from having to defend against two (or more) contemporaneous lawsuits raising the same FLSA claims could be mitigated by Defendants availing themselves of multidistrict litigation options.  See, e.g., In re Wells Fargo Home Mortg. Overtime Pay Litig., 571 F.3d 953 (9th Cir. 2009) (multidistrict litigation arising from three putative collective actions and one putative class action against home mortgage company on behalf of current and former home mortgage consultants seeking overtime pay).

In addition, the Court is not convinced that in this context, the date that Lang was filed in state court should be the operative date for determining which case, i.e., Lang or the present case, was filed first for purpose of the first-filed rule.  Clearly, had Lang remained in state court, this Court would not dismiss or stay the present action in deference to Lang.  In light of the fact that the first-filed rule is one of comity as between the federal district courts, it seems to this Court that the question is which federal court first obtained jurisdiction over the issues and parties.  At least one federal district court has so held.  See N. Am. Commc'ns, Inc. v. Homeowners Loan Corp., No. CIVA 3:2006-147, 2007 WL 184776, at *3 n.1 (W.D. Pa. Jan. 22, 2007) ("In applying the

first-filed rule, the first-filed case is the federal civil action which is first in time, whether by removal or the actual filing of a civil action in federal court.  Since the rule the Court follows today is limited to federal district courts, the plaintiff in a state civil action can avoid being the second-filed matter by simply filing a complaint in a federal district court, not a state trial court at the outset.").

Lastly, but not of least significance, the present case has a defendant, DTV Home Services II, LLC, that is not a defendant in Lang and Lang has two defendants that are not defendants here.  Although DTV Home Services II, LLC, is a wholly-owned subsidiary of DIRECTV, it is a separate party.  See Martin v. Citizens Fin. Group, Inc., No. 10-260, 2010 WL 3239187, at *2 (E.D. Pa. Aug. 13, 2010) (declining to apply first-filed rule to a FLSA case where one of the defendants was not a defendant in an earlier case raising the same issues); Gardner v. GC Servs., LP, No. 10-CV-997-IEG, 2010 WL 2721271, at *5-6 (S.D. Cal. July 6, 2010).

Although not determinative, the Court also notes that with the filing of the amended complaint in Lang, the nature of that suit has changed.  In addition, the class action aspects of the two suits are different - one brought under Missouri law and one brought under Louisiana law.  See Gardner, 2010 WL 2721271, at *5-6.  In sum, the Court declines to dismiss or stay this action under the first-filed rule, and turns to consider the merits of Defendants' motion to dismiss for failure to state a claim and on other grounds.

10

**Motion to Dismiss Standard**

To survive a motion to dismiss for failure to state a claim, a complaint must

contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 545 (2007).  Although a complaint need not contain

"detailed factual allegations," it must contain facts with enough specificity "to raise a

right to relief above the speculative level." Id. at 555.  This standard "calls for enough

fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the

claim]." Id. at 556.  As the United States Supreme Court recently reiterated in Iqbal,

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements," will not pass muster under Twombly. Iqbal, 129 S. Ct. at 1949.

Under this standard, the task of a court is "to review the plausibility of the

plaintiff's claim as a whole, not the plausibility of each individual allegation." Zoltek

Corp. v. Structural Polymer Group, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (citing Braden

v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (noting "the complaint should

be read as a whole, not parsed piece by piece to determine whether each allegation, in

isolation, is plausible")).  "This is 'a context-specific task that requires the reviewing

court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 129 S.

Ct. at 1950).

**Sufficiency of Allegations Regarding an Employment Relationship**

As noted above, Defendants first argue that the complaint fails to state a claim

because it fails to sufficiently plead the existence of an employment relationship with

11

either named Defendant.  Section 216(b) of the FLSA creates a cause of action against

employers who violate the overtime compensation and/or minimum wage requirements

mandated in sections 206-207.  An "employer" subject to the FLSA is "any person acting

directly or indirectly in the interest of an employer in relation to an employee . . . ."  29

U.S.C. § 203(d).  In determining whether an entity functions as an employer, "courts

generally look to the economic reality of the arrangement."  Blair v. Wills , 420 F.3d 823,

829 (8th Cir. 2005) (citing Goldberg v. Whitaker House Coop., Inc., 366 U.S. 28, 33

(1961) (explaining that "'economic reality' rather than 'technical concepts' is . . .  the test

of employment" under the FLSA)).  The MMWL provides that it be interpreted in

accordance with the FLSA.  Mo. Rev. Stat. § 290.505(4).

    The Eighth Circuit has not yet set out a test to determine whether an entity may be

held to be a joint employer under the FLSA.  However, several courts in the Circuit have

applied the following four-factors to determine whether an entity may be held to be a

joint employer: (1) the power to hire and fire the plaintiff; (2) supervision and control of

the plaintiff's work schedule or conditions of employment; (3) determination of the rate

and method of payment; and (4) maintenance of the plaintiff's employment records.

Schubert v. Bethesda Health Group, Inc., 319 F. Supp.2d 963, 971 (E.D. Mo. 2004)

(citing Baker v. Stone County, 41 F. Supp. 2d 965, 980 (W.D. Mo. 1999)).

    Here, given the broad definition of "employer" under the FLSA and, by analogy,

the MMWL, and the constraints of a Rule 12(b)(6) review, the Court concludes that

Plaintiffs have set forth sufficient facts to survive a motion to dismiss on the ground that

Plaintiffs failed to plead sufficient facts to show that Defendants were their employers.
See Lang, No.10-1085 (E.D. La. 2010) (Order of Aug. 13, 2010, denying motion to
dismiss); Tahir v. Avis Budget Group, Inc., No. 09-3495 (SRC), 2009 WL 4911941, at *9
(D.N.J. Dec. 14, 2009) (holding that the allegation that a parent company was the
plaintiff's employer under the FLSA was sufficient to resist a 12(b) motion;  "[The parent
company's] argument [for dismissal] is based on a number of factual assertions
extraneous to the Complaint, such as the assertion that [the parent] never employed
Plaintiff, has no employees, and does not substantially control the terms and conditions of
employment at [the subsidiary], the entity they contend actually employed Plaintiff. The
Court may not consider such matters on a Rule 12(b)(6) motion to dismiss.").  The matter
is one that is appropriate for consideration on a motion for summary judgment, but not on
a motion to dismiss.  See id.  The Court notes that Plaintiffs' allegations that they were
required to wear "DirecTV" uniforms and display "DirecTV" magnets and window
stickers on their vehicles lends support for their assertion that the named Defendants were
employers under the statutes.

    The Court recognizes that in Loyd v. Ace Logistics, LLC, No.
08-CV-00188-W-HFS, 2008 WL 5211022, at *4 (W.D. Mo. Dec. 12, 2008), relied upon
by Defendants, the district court granted two of the four defendants' motion to dismiss the
complaint as to them because the FLSA plaintiff did not allege that they hired or fired
her, controlled her work schedule or conditions of employment, or maintained
employment records.  But that case is not controlling on this Court.

**<u>Sufficiency of Allegations Regarding Violations of the FLSA and the MMWL</u>**

Defendants also argue that the complaint is deficient under the <u>Iqbal</u> standard because the complaint does not include such facts as the specific hours worked by Plaintiff's work, the compensation paid, the effective hourly rate paid to Plaintiffs, or the amounts and dates of "charge backs" to which they allege that they were subjected. Defendants argue that therefore, the complaint does not contain facts which, if true, would show that Plaintiffs were paid an effective rate less than the minimum wage or were denied required overtime compensation.

To be sure, there is authority for requiring a FSLA minimum wage and overtime plaintiff to set forth in the complaint details such as their hourly pay rate.  <u>See. e.g.</u>, <u>Bailey v. Border Foods, Inc.</u>, No. 09-1230 (RHK/AJB), 2009 WL 3248305, at *2 (D. Minn. Oct. 6, 2009).  The Court believes, however, that the better approach is to conclude that a complaint such as Plaintiffs' is sufficient to withstand a motion to dismiss for failure to state a claim under the FLSA and the MMWL.  Plaintiff did more than merely state a legal conclusion that they were not paid minimum wage or for overtime as required.  Rather, they set forth factual allegations - such as Defendants' alleged policies of not compensating Plaintiffs for the performance requiring technicians to attend meetings, and of imposing "charge backs."  <u>See, e.g.</u>, <u>Sec'y of Labor v. Labbe</u>, 319 F. App'x 761, 763-64, 2008 WL 4787133, at *2 (11th Cir. 2008) (holding that a complaint alleging that an employer failed to pay covered employees minimum hourly wages and to compensate employees who worked in excess of forty hours a week at the appropriate

14

rates stated a claim under the FLSA); Gordon v. Kaleida Health, No. 08-CV-378S, 2008

WL 5114217, at *3-4 (W.D.N.Y. Nov. 25, 2008) (holding that allegations that the

defendant employer had a break deduction policy which automatically deducted 30

minutes from the plaintiff employees' daily paycheck, despite the plaintiffs' continued

performance of work during this unpaid period, that Plaintiffs worked before and after

their scheduled shifts, and that the defendant refused to pay the plaintiffs for their

attendance at training sessions, satisfied the pleading obligations for alleging a minimum

and overtime wage claim under the FLSA).

## Sufficiency of Collective/Class Allegations

Defendants argue that Plaintiffs' collective and class action allegation are based on

"nothing more than boilerplate recitation" of the necessary elements for such actions, and on

"sheer speculation and nothing more."   The Court agrees with Plaintiffs that in this case,

where the Court has held that the Plaintiff's allegations of violations of the federal and state

statute are sufficient to withstand a motion to dismiss for failure to state a claim, a motion to

dismiss is not the proper vehicle to address the validity of the collective/class allegations.

See Tahir, 2009 WL 4911941, at *8  ("Defendants' attack on those portions of [the]

Complaint that relate to the pleading of a collective action is misplaced at [the motion to

dismiss] stage of the litigation."); Hoffman v. Cemex, Inc., No. H-09-3144, 2009 WL

4825224, at *4 (S.D. Tex.) (Dec. 8, 2009) (same).

The Court will address whether the case can proceed as a collective action upon a

motion for conditional certification of the opt-in class, and later when the Court considers the

merits of the FLSA claim.  See Jost v. Commonwealth Land Title Ins. Co., No. 4:08 CV 734 CDP, 2009 WL 211943, at *2 (E.D. Mo. Jan. 27, 2009) (citing cases).  Similarly, the Court will address the question of Rule 23 class certification upon motion by Plaintiffs to which Defendants will, of course, have the opportunity to respond and raise their fairness arguments.

## Allowing Opt-in and an Opt-out Action to Proceed Together

The issue of whether to allow a FSLA collective action to proceed simultaneously with a Rule 23 class action under a state's hours and wage law is essentially one of practicability, with the weight of authority holding that the two can proceed together in one action.  See Salazar v. Agriprocessors, Inc., 527 F. Supp. 2d  873, 886-87 (N.D. Iowa  2007) (citing cases and holding that opt-in class certification provision of the FLSA did not expressly prohibit the exercise of supplemental jurisdiction over state minimum wage claims of opt-out class members; thus, exercise of supplemental jurisdiction was not barred on that basis, and no other basis for declining supplemental jurisdiction of the state class action claim existed); Osby v. Citigroup, Inc., 2008 WL 2074102, at *3 (W.D. Mo. May 14, 2008) ("District court cases permitting FLSA collective actions to proceed simultaneously with Rule 23 state actions are legion." ).

This Court believes that this is the better approach.  As stated in Cortez v. Nebraska Beef, Inc., 266 F.R.D. 275 (D. Neb. 2010), where, as here, the factual overlap between the FLSA claims and the state wage and hours law claims is virtually total, "[i]t would illserve the interests of convenience or judicial economy to re-litigate in state court the defendants'

16

pay practices." Id. at 287.  The Court has no reason to believe at this time that both of Plaintiffs' claims cannot be effectively adjudicated in this one action by proper case management.  See, e.g., Ford v. Townsends of Ark., Inc., No. 4:08cv00509 BSM, 2010 WL 2104246 (E.D. Ark.) (Order of  May 24, 2010, describing requirements for opt-in and opt-out notices to be sent to putative collective action and class action plaintiffs).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **DENIED**. [Doc. #19]

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss or Stay the Case in Favor of Prior Litigation is **DENIED**.  [Doc. #35].

**IT IS FURTHER ORDERED** that on or before March 21, 2011, the parties shall confer and submit to the Court a Joint Proposed Scheduling Plan for proceeding with this case.


AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 7th day of March, 2011.

17