UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMIE ARNOLD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV- 352-JAR |
| | ) | |
| DIRECTTV, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant DirecTV, Inc.'s Motion to Stay Arbitration [ECF No. 107]. Plaintiffs filed their Response to Defendant DirecTV's Motion on January 3, 2012 [ECF No. 108].[1] For the following reasons, the motion will be denied.

**Background**

This is a civil action for unpaid minimum wages and overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.§§ 201-219, and the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. §§ 290.500-530. The action was filed on March 2, 2010. Plaintiffs filed a First Amended Complaint on May 5, 2010, alleging they were "jointly employed" by Defendants DirecTV, Inc. d/b/a/ DirecTV Home Services and DTV Home Services II, LLC, as satellite installation and repair technicians. Count I is brought as an "opt-in" collective action under the FLSA, § 216(b), on behalf of Plaintiffs and "[a]ll persons working as technicians for Defendants from March 2, 2007 through the present." Count II is brought under the MMWL as a

---

[1] Although Plaintiffs herein are completely separate from the *Arndt* claimants, Plaintiffs have responded to DIRECTV's Motion on their behalf.

Fed. R. Civ. P. 23 class action on behalf of Plaintiffs and "[a]ll persons working as technicians for Defendants in the State of Missouri from March 2, 2008 through the present."

Plaintiffs filed their Motion for Conditional Collective Action Certification on July 22, 2011 seeking to certify a nation-wide FLSA collective action class consisting of:

> "Persons who (1) are currently working or previously worked as an Installation or Service Technician for DirecTV, Inc., DirecTV Home Services, a DirecTV Home Service Provider, or through one of their subcontractors, for any period of time after July 22, 2008; (2) exclusively installed and/or serviced DirecTV equipment; (3) were paid on a piece-rate basis, meaning they were paid specific amounts for certain tasks they completed; and (4) worked more than 40 hours in a week."

On November 10, 2011, counsel for Plaintiffs filed an arbitration demand with the American Arbitration Association ("AAA") in Georgia on behalf of three DirecTV satellite installation technicians styled *Arndt, et al. v. DIRECTV, Inc*. (Doc. No. 102-1). In their demand, counsel seeks to proceed on behalf of a class consisting of:

> "[a]ll those W-2 technicians employed by [DirecTV] or by any of [DirecTV's] predecessors, including those commonly referred to as 'Home Service Providers,' or any of [DirecTV's] wholly owned subsidiaries or related entities, including DirecTV Home Services, from November 9, 2008 through the present."

DirecTV argues the *Arndt* claimants seek to certify a national class and hold DirecTV liable through a theory that DirecTV was the joint employer of technicians nominally employed by its Home Service Providers and their affiliates, which is the same issue pending before this Court in the instant action. In its motion to stay arbitration, DirecTV argues it should not have to litigate these same issues in multiple forums, and that allowing these matters to proceed simultaneously creates a risk of inconsistent rulings and judgments. DirecTV seeks an order enjoining the AAA from proceeding with the *Arndt* claims on a class or collective basis until such time as this Court rules on Plaintiffs' Motion for Conditional Collective Action

Certification and the joint employer issues.

Plaintiffs respond that these same arguments were raised in DirecTV's Motion to Dismiss or Stay in Favor of Prior Litigation (Doc. No. 35) and rejected, and that nothing in the FLSA precludes this action and *Arndt* from proceeding simultaneously. Plaintiffs suggest DirecTV is attempting to use offensive collateral estoppel to defeat certification in *Arndt*. In order for a ruling to have preclusive effect, however, there must be both identity of issues and parties. The parties concede that the instant action and *Arndt* involve different plaintiffs. Further, while issues of joint employment could arise in *Arndt* in the context of whether the arbitration agreements would apply retrospectively to those W-2 technicians employed by any of DirecTV's predecessors and wholly-owned subsidiaries, Plaintiffs contend these are issues of successor liability and arbitrability and are in no way identical to the joint employer issues presented in the instant action. Thus, delaying arbitration in *Arndt* would not minimize the risk of inconsistent rulings or judgments.

**Discussion**

The Court is mindful of the national policy favoring arbitration, Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24-25 (1983), and notes the Federal Arbitration Act ("FAA"), 9 U.S.C.A. §§ 1-16, does not authorize a district court to enjoin arbitration. See In re Piper Funds, Inc., 71 F.3d 298, 302 (8th Cir. 1995). It is clear that a party's right to arbitrate "may not be sacrificed on the altar of efficient class action management." Id. at 303 (citations omitted). See also Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 223 (1985)("[N]either a stay of the arbitration proceedings, nor a refusal to compel arbitration of state claims, is *required* in order to assure that a precedent arbitration does not impede a

subsequent federal-court action.")(emphasis added).

For the foregoing reasons, DirecTV's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant DirecTV, Inc.'s Motion to Stay Arbitration [ECF No. 107] is **DENIED**.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this 30th day of January, 2012.