UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMIE ARNOLD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV- 352-JAR |
| | ) | |
| DIRECTTV, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on DirectSat USA, LLC's Motion to Intervene. [ECF No. 125] The Motion is fully briefed and ready for disposition. For the following reasons, the Court finds intervention by DirectSat is not appropriate at this time and denies the motion to intervene.

**Background**

This is an action for unpaid minimum wages and overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.§§ 201-219, and the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. §§ 290.500-530. Plaintiffs worked as satellite installation and repair technicians for Defendants DirecTV, Inc. d/b/a/ DirecTV Home Services and DTV Home Services II, LLC, and their three "predecessors-in-liability," UpCommunications Services, LLC, AeroSatUSA, LLC, and Premier Communications, all of which conducted business in Missouri. DirectSat USA, LLC ("DirectSat") performs satellite installation and service support for DirecTV as a home service provider in Pennsylvania pursuant to the terms of an independent contractor agreement.

On September 28, 2012, this Court conditionally certified a class of:

1

> Persons who (1) are currently working or previously worked as an Installation or Service Technician for DirecTV, Inc., DirecTV Home Services, a DirecTV Home Service Provider, or through one of their subcontractors, for any period of time after July 22, 2008; (2) exclusively installed and/or serviced DirecTV equipment; (3) were paid on a piece-rate basis, meaning they were paid specific amounts for certain tasks they competed; and (4) worked more than 40 hours per week.

[ECF No. 121] On October 15, 2012, Plaintiffs submitted their Notice of Lawsuit and Consent to Become a Party Plaintiff. [ECF No. 122] On October 30, 2012, Defendants filed their Objections to Plaintiffs' Proposed Notice Process and Notice. [ECF No. 123] Also on October 30, 2012, DirectSat filed its motion to intervene pursuant to Fed.R. Civ.P. 24 for the limited purpose of filing objections to the Plaintiffs' proposed class notice based on issue preclusion. Plaintiffs state they are not opposed to DirectSat's intervention in the second stage of this litigation, and would consent to DirectSat being added to the case to participate in discovery and any potential decertification motions after notice issues. (Doc. No. 131, p. 2) However, Plaintiffs oppose DirectSat's motion which they characterize as a request that the Court reconsider the scope of the conditionally certified class. (Id.)

**Discussion**

**Legal Standard**

Under Rule 24(a) of the Federal Rules of Civil Procedure, "[a] party is entitled to intervene as a matter of right if: (1) it claims an interest relating to the subject of the action; (2) the disposition of the action may impair or impede its ability to protect its interest; and (3) its interest is not adequately represented by existing parties." United Fire & Casualty Co. v. Titan Contractors Service, Inc., 2012 WL 3065517, at *3 (E.D. Mo. July 27, 2012) (quoting Chiglo v. City of Preston, 104 F.3d 185, 187 (8th Cir. 1997); see also Fed. R. Civ. P. 24(a)(2). The party seeking intervention must satisfy all three parts of the test. Id. (citations omitted).

Rule 24(b) governs permissive intervention and requires only that the party "has a claim or defense that shares with the main action a common question of law or fact." Stenger v. Kellett, 2012 WL 1392292, at *2 (E.D. Mo. April 23, 2012); Fed.R.Civ.P. 24(b)(1)(B). The decision to grant or deny a motion for permissive intervention is wholly discretionary even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied. South Dakota ex rel Barnett v. United States Department of Interior, 317 F.3d 783, 787 (8th Cir. 2003) (citing Bush v. Viterna, 740 F.2d 350, 359 (5th Cir.1984)). The principal consideration in ruling on a Rule 24(b) motion is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights. South Dakota, 317 F.3d at 787; United States v. Pitney Bowes, Inc., 25 F.3d 66, 73 (2d Cir.1994).

When moving for intervention either as a matter of right or on a permissive basis, the motion must be timely. United Fire, 2012 WL 3065517, at *2 (citing Planned Parenthood of the Heartland v. Heineman, 664 F.3d 716, 718 (8th Cir. 2011)). "The issue of the timeliness of a motion to intervene is a threshold issue." Id. (quoting United States v. Ritchie Special Credit Invs., Ltd., 620 F.3d 824, 832 (8th Cir. 2010)). "The question for determining the timeliness of the motion is whether existing parties may be prejudiced by the delay in moving to intervene." United States v. Union Elec. Co., 64 F.3d 1152, 1159 (8th Cir. 1995). In determining timeliness, the Court considers (1) the reason for any delay by the proposed intervenor, (2) how far the litigation has progressed before the motion to intervene is filed, and (3) how much prejudice the delay in seeking intervention may cause to the other parties if intervention is allowed. Id.

A proposed intervenor under Rule 24 must have Article III standing. United Fire, 2012 WL 3065517, at *1 (citing Curry v. Regents of the Univ. of Minn., 167 F.3d 420, 422 (8th

Cir.1999) and Mausolf v. Babbitt, 85 F.3d 1295, 1301 (8th Cir.1996)). To demonstrate standing, a party must allege an "injury in fact," which is an injury to a legally protected interest that is concrete, particularized and either actual or imminent. Stenger v. Kellet, 2012 WL 381769, at *1 (E.D. Mo. February 6, 2012) (citing United States v. St. Louis Metropolitan Sewer Dist., 569 F.3d 829, 833–34 (8th Cir.2009)). "The purpose of the imminence requirement is 'to ensure that the alleged injury is not too speculative ... [and] that the injury is certainly impending.'" Id. (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 564 n. 2 (1992)). In addition, a party invoking standing must establish a causal connection between the injury and the conduct complained of, and it must be likely that the injury will be redressed by a favorable decision. Stenger, 2012 WL 381769, at *1 (citing Lujan, 504 U.S. at 560–61). The burden is on the proposed intervenor to establish standing. Id.

**Discussion**

In support of its motion to intervene, DirectSat argues that with the addition of its technicians to the putative class, it faces thousands of claims for monetary relief under the terms of its HSP agreement with DirecTV. Pursuant to that agreement, DirectSat maintains it is obligated to defend and indemnify DirecTV against any claims brought by its technicians. (Doc. No. 126, p. 3) Unless its motion to intervene is granted, DirectSat argues it will be deprived of its right to protect its interests by way of objecting to Plaintiff's class notice. (Id., pp. 5-6)

Plaintiffs respond that DirectSat's potential liability for indemnification is too speculative and remote to confer standing to object at the notice stage of this case. (Doc. No. 131, p. 2) DirectSat's argument is that if its technicians receive notice, the technicians might opt-in to the class, and if those technicians prevail, DirectSat might eventually be subject to claims for

monetary relief through its indemnification agreement with DirecTV. Interests that are contingent upon the occurrence of a sequence of events are not "direct, substantial, and legally protectable." Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC, 485 F.3d 1006, 1008 (8th Cir. 2007). "Economic interests staked solely on the outcome of litigation are not sufficient to establish a legally protectable claim." See id. (citing Curry, 167 F.3d at 422). (Doc. No. 131, p. 3)

Plaintiffs argue that DirectSat cannot point to any imminent harm that will result from its technicians receiving notice. Even if the indemnity agreement applied, DirectSat would not be subject to liability simply because its technicians opted-in to the case. (Id.) Plaintiffs further contend that DirectSat's interests are being adequately represented by DirecTV. (Id., p. 4)

Finally, Plaintiffs argue DirectSat's motion is untimely since DirectSat could have sought intervention at any time during the fourteen months between when the motion for conditional certification was filed and when the motion was granted on September 28, 2012. Instead, DirectSat filed its motion two weeks before the Court's deadline for notice to issue.

In reply, DirectSat claims it only learned of Plaintiffs' proposed class notice two weeks prior to filing its motion and that prior to filing, it had no reason to monitor this action since none of the Plaintiffs are DirectSat employees. (Doc. No. 126, p. 8) DirectSat maintains it has a legally cognizable right in defending against claims brought by its technicians that will inevitably lead to attorneys' fees, costs and substantial business interruption. (Doc. No. 132, p. 3) DirectSat further argues that providing notice to any of its technicians is futile under the doctrine of issue preclusion because in Espenscheid v. DirectSat USA, LLC, 2011 WL 2009967 (W.D. Wis. May 23, 2011), the court found a nationwide class of DirectSat technicians were not similarly situated for purposes of the FLSA. (Doc. No. 132, pp. 8-14)

Aside from the issues of standing and timeliness, the Court cannot find that DirectSat has an interest in this action sufficient to meet the requirements of Rule 24(a) for intervention of right. An interest is cognizable under Rule 24(a)(2) only where it is "direct, substantial, and legally protectable." Medical Liability Mutual Ins. Co. v. Alan Curtis, LLC, 485 F.3d 1006, 1008 (8th Cir. 2007). As discussed above, "[a]n interest that is contingent upon the occurrence of a sequence of events before it becomes colorable is . . . not sufficient to satisfy Rule 24(a)(2)." Id. Here, DirectSat's interest in this action is its potential liability to defend and indemnify DirecTV. To date notice has not issued and DirectSat technicians have not yet opted-in. Additionally, even if DirectSat had a cognizable interest, it has not shown its interest is not adequately represented by existing parties. Indeed, DirecTV has filed its objections to Plaintiffs' proposed notice and advanced the same issue preclusion argument asserted by DirectSat based on the decertification of a nationwide class of DirectSat technicians in Espenscheid. (see, Doc. No. 123, pp. 6-10)

DirectSat may have an interest that shares a common question of law or fact with the main action in this case, however, the Court finds that permissive intervention would not promote the efficiency of these proceedings and would only delay the notice process. This case has proceeded for more than two years, and the Court is ready to approve the notice.

Additionally, the case on which DirectSat relies, Espenscheid, 2011 WL 2009967, is not dispositive at this stage of the litigation. The standard for determining whether plaintiffs are "similarly situated" at the decertification stage is "much more stringent" than the standard applicable to the initial notice stage of a collective action. Butler v. DirectSAT USA, LLC, 2012 WL 1203980, at * 9 (D. Md. April 10, 2012) (citation omitted). Further, in decertifying the class, the Espenscheid court emphasized the plaintiffs' repeated failure to submit a satisfactory trial

6

plan addressing certain technician subclasses that the court had imposed following conditional certification. Any request to exclude DirectSat technicians from the class before notice has issued and before any technician opts-in is premature.

Accordingly,

**IT IS HEREBY ORDERED** that DirectSat USA, LLC's Motion to Intervene [125] is **DENIED** without prejudice.

Dated this 4th day of December, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE