UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMIE ARNOLD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV- 352-JAR |
| | ) | |
| DIRECTTV, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This is a civil action for unpaid minimum wages and overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.§§ 201-219, and the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. §§ 290.500-530. The action was filed on March 2, 2010. Plaintiffs filed a First Amended Complaint on May 5, 2010, alleging they were "jointly employed" by Defendants DirecTV, Inc. d/b/a/ DirecTV Home Services and DTV Home Services II, LLC, as satellite installation and repair technicians. On September 28, 2012, this Court conditionally certified a class of:

> Persons who (1) are currently working or previously worked as an Installation or Service Technician for DirecTV, Inc., DirecTV Home Services, a DirecTV Home Service Provider, or through one of their subcontractors, for any period of time after July 22, 2008; (2) exclusively installed and/or serviced DirecTV equipment; (3) were paid on a piece-rate basis, meaning they were paid specific amounts for certain tasks they competed; and (4) worked more than 40 hours per week.

[ECF No. 121] On October 15, 2012, Plaintiffs submitted their Notice of Lawsuit and Consent to Become a Party Plaintiff, along with a proposed order regarding the class list and notice dissemination. [ECF No. 122] On October 30, 2012, Defendants filed their Objections to

1

Plaintiffs' Proposed Notice Process and Notice. [ECF No. 123] Plaintiffs filed their Reply on November 9, 2012. [ECF No. 130] For the following reasons, the Court now approves Plaintiffs' proposed notice and consent form and Plaintiffs' proposed order regarding the class list and notice dissemination subject to the changes, deletions and additions set forth below.

### I. Notice of Lawsuit

DirecTV has proposed certain revisions to Plaintiffs' proposed notice, including eliminating references to class members being permitted to join electronically via website, increasing the font size of the disclaimer that the Court has made no finding as to the merits of the case to match the font size surrounding the disclaimer; and revising the description of DirecTV's position on the litigation to state that Plaintiffs were paid all the wages they are entitled to under the FLSA. (Doc. No. 123, p. 14) Plaintiffs have consented to these revisions. Accordingly, the Court will approve the notice with these revisions as set forth in ECF No. 123-2.

### II. Consent to Join

DirecTV has no objections to Plaintiffs' proposed consent form. Accordingly, the Court will approve Plaintiffs' consent form as set forth in ECF No. 122-6.

### III. DirecTV's Objections to the Class List

Initially, the parties agree on a number of changes to Plaintiffs' proposed order. First, Plaintiffs consent to the removal of DirecTV W-2 employees from the class list. Plaintiffs' counsel request that technicians who otherwise fit within the class definition but who became employed by DIRECTV as a W-2 employee during the class period remain on this list as to their period of employment with the HSP, and DirecTV consents to this modification, with the

understanding that it is not waiving its right to compel arbitration should such an individual opt-in to this litigation.

Plaintiffs also consent to revising the class list to exclude technicians who did not exclusively install DirecTV systems and who were not paid on a piece rate basis, specifically Microcom technicians.[1]

Finally, Plaintiffs consent to explicitly stating that, pursuant to the terms of the protective order (see, Doc. No. 84-1), the information obtained cannot be used for any purposes other than this litigation, and removing a reference to "Exhibit A" to the Protective Order, removing references to email notice, and adding a provision requiring the Supplemental Notice be issued no later than six months after the date the Court issues its Order.

The Court will now address those issues on which the parties cannot agree.

**A. Contact Information**

With regard to the initial class list, Plaintiffs propose DirecTV provide them with the information on each technician that is in its possession, including name, address, telephone number, tech number(s), and date of birth. DirecTV objects on the grounds that this request is fundamentally different than what this Court ordered it to provide in its September 28 Order, i.e., "the names and current or last known mailing addresses of all employees who may be potential plaintiffs in this action." DirecTV has indicated its willingness to provide the class list in the exact same electronic format and with the exact same fields from its Siebel database as the class list provided to Plaintiffs in Lang, et al v DirecTV, Inc., et al., Case No. 10-1085.

---

[1] DirecTV HSP Microcom operates in Alaska, Hawaii and Idaho. Its technicians install and service both DISH network and DirecTV satellite systems as well as commercial antennae. (Doc. No. 123, Ex. J. ¶ 4)

In Lang, at the first step of the notice procedure, the Court ordered DirecTV to provide the information which was in its possession, i.e., name, address, telephone number, tech number(s), and date of birth.[2] Upon receipt of DirecTV's Siebel list, Plaintiffs filed a motion to enforce prior orders, alleging DirecTV delivered a deficient initial class list and noting a lack of birth data and limited information provided for relevant fields such as email addresses, phone numbers, and mailing addresses.[3] The Lang Court denied plaintiffs' motion, finding that while DirecTV was obligated to work with its HSPs and other affiliated entities to ensure the information provided was accurate, it was not obligated "to do anything and everything necessary" to obtain all desired information for all proposed class members.[4] The Court did, however, order DirecTV to work with its HSPs to ensure accuracy and certify to the Court what it had done to comply with the court's orders.[5]

Given the identity of issues concerning the notice process and class list in this case and in Lang, as well as the fact that these issues have already been resolved in Lang, the Court will follow the precedent set by the Eastern District of Louisiana and require DirecTV to provide the information requested by Plaintiffs on the proposed class members to the extent such information is in its possession through its Siebel database.

**B. Update Information**

In their Proposed Order, Plaintiffs reference DirecTV working with its HSPs to ensure

---

[2] Case No. 2:10-cv-01085, Doc. No. 277

[3] Id., Doc. No. 288

[4] Id., Doc. No. 305

[5] Id.

the information provided is updated. DirecTV objects on the grounds that it does not have the contractual right to require its HSPs to update this information, and that Plaintiffs can obtain updated or more detailed information from the HSPs by way of a third-party subpoena. While Plaintiffs dispute DirecTV's assertion, they maintain it is not necessary to resolve this dispute so long as they are allowed to seek discovery directly from the HSPs. Plaintiffs address this in their proposed order by providing that "Plaintiffs will serve third-party subpoenas on Home Service Providers in order to obtain updated and accurate contact information for potential class members." (Doc. No. 122-4, ¶ 5) Therefore, this language will be included in the order and the references to DirecTV working with its HSPs to obtain additional information will be removed. Additionally, the parties have represented that they will work together in the third-party subpoena process.

### C. Removal from Class List of Technicians in Lang

Plaintiffs have stipulated that they will remove the names of any technicians who received notice in Lang from the class list before notice is disseminated. In their objections, DirecTV argues that because the parties have no way of knowing who actually received notice in Lang, the names of all potential class members who were included in the initial data set provided to the Plaintiffs in Lang should be removed from the class list in this case. Plaintiffs reply that the purpose of excluding individuals who received notice in Lang from the class list was to prevent duplicative notice, and not to prevent individuals from receiving notice entirely.[6] The issue of manageability is more appropriately addressed at the second stage of the conditional

---

[6] Plaintiffs claim that of the 42,231 technicians on the initial list in Lang, over 50% did not receive notice due to inaccurate contact information. (Doc. No. 130, p. 3)

certification analysis, after potential class members have opted-in. Accordingly, DirecTV's request to remove all of the technicians on the initial list in Lang will be denied.

### D. Removal from Class List of Individuals Subject to Arbitration Agreements

Plaintiffs have stipulated that they do not intend to include claims of individuals that have valid arbitration agreements with DirecTV in this action. DirecTV objects to notice being sent to MasTec and Multiband technicians because those technicians are subject to arbitration agreements that DirecTV may have standing to enforce as a nonsignatory to those agreements. (Doc. No. 123, p. 5) Plaintiffs reply that DirecTV is raising a speculative manageability issue, and that until Plaintiffs actually opt-in and the parties have had an opportunity to review their signed arbitration agreements, the parties cannot know whether the agreements are valid, whether they cover the entire class period, or whether DirecTV has standing to enforce them.

This Court has previously considered and rejected DirecTV's argument, ruling that manageability is an issue for the second stage of the conditional certification analysis. DirecTV's request to exclude those technicians subject to arbitration agreements will be denied.

### E. Exclusion of Technicians Employed by DirectSat[7]

In their Objections, DirecTV argues that DirectSat technicians should be removed from the class list under the doctrine of issue preclusion, because they have already been determined not to be similarly situated under the FLSA.  See Espenscheid v. DirectSat USA, LLC, 2011 WL 2009967 (W.D. Wis. May 23, 2011).

---

[7]DirecTV also argues that the class list should exclude Connect Television, Inc., technicians because those technicians have already had the issue of class certification litigated in California state court, Pena v. Connect Television, Inc., Case No. RG09-452962 (Cal Super Ct. April 8, 2011). (Doc. No, 123, p. 10, n.8) DirecTV's reliance on this case is misplaced in that it involved a Rule 23 class certification.

In Espenscheid, the court decertified the class on the eve of trial after concluding that the case could not proceed on a collective basis under the trial plan proposed by plaintiffs. The court emphasized the plaintiffs' repeated failure to submit a satisfactory trial plan addressing technician subclasses created by the court to manage the litigation. "Plaintiffs had multiple opportunities to explain to the court how they planned to prove their claims on a collective basis and achieve a fair result for all class members and opt-in plaintiffs, as well as for defendants, but they failed to do so."[8] Additionally, the plaintiffs' expert report providing the evidentiary support needed for the subclasses was stricken.

DirecTV's reliance on Espenscheid is misplaced. First, the standard to determine whether plaintiffs are "similarly situated" at the decertification stage is "much more stringent" than the standard applicable to the initial notice stage of a collective action. Butler v. DirectSAT USA, LLC, 2012 WL 1203980, at * 9 (D. Md. April 10, 2012) (citation omitted). "Accepting Defendants' argument that the Espenscheid decertification somehow mandates denial of Plaintiffs' motion for conditional certification would essentially hold Plaintiffs to the burden employed at the second stage of certification proceedings, a result that would contravene the broad remedial policies underlying the FLSA." Id. (citing Lewis v. Wells Fargo & Co., 669 F.Supp.2d 1124, 1128 (N.D. Cal 2009)). Second, in decertifying the class, the Espenscheid court emphasized the plaintiffs' repeated failure to submit a satisfactory trial plan addressing certain technician subclasses that the court had imposed following conditional certification. It also expressly noted that the record—which the parties had developed during subsequent

---

[8] Case 3:09-cv-00625, Doc. No. 713, pp. 3-4

discovery—demonstrated that the nationwide class of technicians had not in fact experienced uniform circumstances. DirecTV seeks a determination from this Court that the same problems would result here, but doing so at this time would be speculative at best. Butler, 2012 WL 1203980, at *9. Accordingly, DirecTV's request to exclude DirectSat technicians from the class list based on the Espenscheid decertification will be denied.

### F. Class Period

This Court conditionally certified a class of technicians who performed work from July 22, 2008 to the present. The statute of limitations under the FLSA is two years, extended to three years if the violation is willful. 29 U.S.C. §255(a). The statute of limitations for an FLSA overtime claim is calculated from the date a class member files his or her consent to opt in. 29 U.S.C. §256(b); O'Donnell v. Southwestern Bell Yellow Pages, Inc., 2012 WL 1802336, at *4 (E.D. Mo. May 17, 2012) (citing Beasely v. GC Services LP, 270 F.R.D. 442, 444 (E.D. Mo. 2010)). For this reason, when an FLSA collective action is certified, the class period is set as three years prior to the date of the order granting conditional certification. See e.g., Simmons v. Enterprise Holdings, Inc., 2011 WL 855669 (E.D. Mo. March 9, 2011); Ondes v. Monsanto Co., 2011 WL 6152858 (E.D. Mo. December 12, 2011). Three years prior to the Court's September 28, 2012 Order is September 28, 2009. Taking into account the 150-day tolling period during the pendency of a protective order related to discovery [ECF No. 46], the class period should be modified from July 22, 2008 to May 1, 2009. Plaintiffs reply that the issue of tolling can be taken up at the appropriate time, but there is no reason at this juncture to deny notice to those technicians employed prior to May 1, 2009.

The Court finds that revision of the proposed notice is warranted to reflect that the statute

of limitations for an FLSA claim is calculated from the date a class member files his or her consent to opt in. O'Donnell, 2012 WL 1802336, at *4. Accordingly, the notice shall describe the potential class as those technicians employed by DirecTV from May 1, 2009 to the present. Id.

### IV. Approved Order

### ORDER

In order to facilitate notice pursuant to 29 U.S.C. § 216(b), this Court adopts the Notice (ECF No. 123-2) and the Consent to Become a Party Plaintiff (ECF No. 122-6). To facilitate notice, the Court orders Defendant DirecTV, Inc. to produce a list of putative collective action members as outlined below. Upon production of this list, the notice administration process shall begin in accordance with the two-step schedule below. Notice shall be in the form of ECF No. 122-5.

Given the nature of the information being made available to Plaintiffs, the information provided by DirecTV subject to this Order is subject to the protections of the Protective Order in this case and deemed confidential. Pursuant to the terms of the Protective Order, this information cannot be used by Plaintiffs or Plaintiffs' counsel for any purposes other than this litigation. Plaintiffs' counsel may engage an agent to perform some or all of the functions outlined below; however, that agent must agree to be bound by the terms of the Protective Order entered in this matter and Plaintiffs' counsel remains obligated to the Court for such duties.

Accordingly, Defendant DirecTV, Inc. is hereby ordered:

1) **Form of the Notice**. The Court adopts Plaintiffs' joint proposed Notice as fair,

accurate, and not misleading.

2) **Initial Class List**. Within thirty (30) days of the date of this Order, Defendant will provide Plaintiffs' counsel with a list of all former and current satellite technicians who performed work orders at DirecTV customer sites from May 1, 2009 to the present who: (1) exclusively installed DirecTV systems and (2) were paid on a piece rate basis. This list shall exclude W-2 employees of DirecTV, but shall include technicians who worked as W-2 employees of an HSP during the relevant time period even if that technician subsequently became a W-2 employee of DirecTV. These individuals shall be included on the list as to their period of employment with an HSP only and DirecTV reserves the right to move to compel arbitration. This list shall also exclude W-2 employees of Microcom. This list shall include the information within DirecTV's possession: name, address, telephone number, tech number(s), and date of birth. This list shall be in electronic and importable format. The names of potential class members who will receive notice in Lang, et al v DirecTV, Inc., et al., Case No. 10-1085 may be removed from the list.

3) **Dissemination of Notice to Initial Class List**.

> a. Within fifteen (15) days of receipt of the class list, the Third Party Administrator will perform an advanced address search using the information provided, and will disseminate the Notice and Consent to Join form to potential FLSA class members at their most recent updated address via First Class U.S. Mail. If a mailed Notice packet is returned to the Third Party Administrator with no forwarding address, the Third Party Administrator will promptly attempt to update the potential FLSA class member's mailing address by running an additional address search and will remail the Notice packet upon discovery of an updated address. Upon request by a potential FLSA class member, the Third Party Administrator will promptly remail a Notice packet to such requesting potential FLSA class member at the address provided by the potential FLSA class member.

        b. Concurrent with mailing and e-mailing of the FLSA Notice packet to potential FLSA class members, Plaintiffs will direct the Third Party Administrator to publish an internet website where potential FLSA class members may obtain additional information about the Notice.

    4) **Opt-In Period for Initial Class List**. Potential FLSA class members who receive the Notice shall have sixty (60) days from the dissemination date of the Notice to submit their Consent to Join forms by U.S. Mail. For Consent to Join forms returned via U.S. Mail that bear no discernible postmark, such Consent to Join forms will be accepted for ten (10) business days following the close of the opt-in period. In the event any Consent to Join forms are postmarked after the close of the opt-in period, the parties will communicate regarding the circumstances of the late submission(s), and make a determination regarding whether to accept the Consent to Join form(s). Under no circumstances will a potential FLSA class member be denied participation based on a late submission of a Consent to Join form if: (1) that person is an active-duty or reserve member of the U.S. Armed Forces, or (2) that person has good cause for failure to submit the Consent to Join form on or before the opt-in deadline.

    5) **Supplemental Class List**. After the 60-day opt-in period for the initial class list has expired, for any class member whose notice was undeliverable, (which shall include potential plaintiffs whose Notice was returned as undeliverable, whose address was incomplete, and/or for whom DirecTV did not initially supply a home address) Plaintiffs will serve third-party subpoenas on Home Service Providers in order to obtain updated and accurate contact information for potential class members. For any class member whose Notice was undeliverable, Plaintiffs will send Notice based upon information obtained from third parties as described above or through an advanced address search. The parties agree to work together to determine

what the advanced address search shall entail.

      6) **Dissemination of Notice to Supplemental Class List**.

      a. Within fifteen (15) days of receipt of the supplemental information, the Third Party Administrator will perform an advanced address search using the information provided, and will disseminate the Notice and Consent to Join form to potential FLSA class members at their most recent updated address via First Class U.S. Mail. If a mailed Notice packet is returned to the Third Party Administrator with no forwarding address, the Third Party Administrator will promptly attempt to update the potential FLSA class member's mailing address by running an additional address search and will remail the Notice packet upon discovery of an updated address. Upon request by a potential FLSA class member, the Third Party Administrator will promptly remail a Notice packet to such requesting potential FLSA class member at the address provided by the potential FLSA class member.

      b. Concurrent with mailing and e-mailing of the FLSA Notice packet to potential FLSA class members, Plaintiffs will direct the Third Party Administrator to publish an internet website where potential FLSA class members may obtain additional information about the Notice.

      7) **Opt-In Period for Supplemental Class List**. Potential FLSA class members on the Supplemental Class List shall have sixty (60) days from the dissemination date of the Notice to submit their Consent to Join forms by U.S. Mail. For Consent to Join forms returned via U.S. Mail that bear no discernible postmark, such Consent to Join forms will be accepted for ten (10) business days following the close of the opt-in period. In the event any Consent to Join forms are postmarked after the close of the opt-in period, the parties will communicate regarding the circumstances of the late submission(s), and make a determination regarding whether to accept the Consent to Join form(s). Under no circumstances will a potential FLSA class member be denied participation based on a late submission of a Consent to Join form if: (1) that person is an active-duty or reserve member of the U.S. Armed Forces, or (2) that person has good cause for failure to submit the Consent to Join form on or before the opt-in deadline.

8) **Cure Procedure**. In the event a Consent to Join form is received but is deficient in some manner, the Third Party Administrator shall immediately attempt to contact the potential FLSA class member regarding the deficiency. The Third Party Administrator will mail a cure letter to the potential FLSA class member's most recent updated address, and will email a cure letter to the last known e-mail address. If the cure letter is returned as undeliverable, or the e-mail cure letter bounces back, the Third Party Administrator will attempt to telephone the potential FLSA class member at the number provided to alert them to the deficiency. The potential FLSA class member shall have fifteen (15) days from the date of mailing and e-mailing of the cure letter to cure the deficiency.

**The parties are therefore ordered to proceed in accordance with the terms set forth above**.

V. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' proposed form Notice of Lawsuit is approved, subject to the changes agreed to by the parties and set forth in ECF No. 123-2.

**IT IS FURTHER ORDERED** that Plaintiffs' proposed consent to join form (ECF No. 122-6) is approved.

**IT IS FURTHER ORDERED** that Plaintiffs' proposed order regarding the class list and notice dissemination (ECF No. 122-4) is approved subject to the changes as set forth herein.

Dated this 4th day of December, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE