**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| JAMIE ARNOLD, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 4:10-CV-00352-JAR |
| v. | ) ) ) | |
| DIRECTV, INC. d/b/a DIRECTV HOME SERVICES, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Compel Arbitration and Dismiss or, in the Alternative, Stay with Respect to the DirecTV Opt-Ins. [ECF No. 176] Plaintiffs do not oppose Defendants' Motion. (Doc. No. 180)

This is an action for unpaid wages and overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. §§ 290.500-530. Plaintiffs worked as satellite installation and repair technicians for Defendants DirecTV, Inc. d/b/a DirecTV Home Services, and DTV Home Services II, LLC ("DirecTV"), and their three "predecessors-in-liability." On September 28, 2012, the Court conditionally certified an FLSA collective action of persons who (1) worked as installation or service technicians for DIRECTV, third-party Home Services Providers "HSPs"), or through one of their subcontractors, since May 1, 2009, (2) exclusively installed or serviced DIRECTV equipment, (3) received compensation on a piece-rate basis, and (4) worked more than 40 hours per week. Following conditional certification, more than 3,000 individuals have opted into this

lawsuit. A number of these opt-in plaintiffs worked as HSP W-2 employees prior to DIRECTV's purchase of the HSP (collectively, "DIRECTV Opt-Ins"). Upon their employment at DIRECTV, each DirecTV Opt-In entered into a Mutual Agreement to Arbitrate Claims ("Arbitration Agreement").

In their motion, Defendants seek to compel arbitration of opt-in plaintiffs in this matter who have arbitration agreements with DirecTV. In their Non-Opposition to Motion to Compel Arbitration filed May 9, 2013, Plaintiffs advise the Court that the parties have reached an agreement, the terms of which are set forth in a letter attached to Plaintiff's filing as Exhibit A. (Doc. No. 180-1) Under the terms of their agreement, Plaintiffs have agreed to dismiss the "DIRECTV Opt-Ins," defined as opt-in plaintiffs in this matter who signed arbitration agreements with either DIRECTV or 180 Connect/Ironwood, in exchange for DIRECTV's agreement to toll the statute of limitations for the DIRECTV Opt-Ins as of the date they filed consents to join in the *Arnold* case. Counsel for Plaintiffs state that they represent three former W-2 technician employees of DIRECTV in an FLSA action pending before the American Arbitration Association, *Arndt et al. v. DIRECTV*, Case No. 30-160-000625-11. *Arndt* is currently stayed pending the technicians' appeal of the Northern District of Georgia's decision vacating the arbitrator's finding that the technicians' arbitration agreements with DIRECTV permitted collective action of their FLSA claims. If the arbitrator's decision is affirmed on appeal, then the opt-in plaintiffs in *Arnold* will be added as opt-in plaintiffs in the *Arndt* arbitration. If the arbitrator's decision is vacated, then the opt-in plaintiffs will arbitrate their claims on an individual basis.

Accordingly,

- 3 -

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel Arbitration and Dismiss or, in the Alternative, Stay with Respect to the DirecTV Opt-Ins [176] is **GRANTED** in part in accordance with the terms of the parties' agreement filed herein. (Doc. No. 180-1)

*[Signature: John A. Ross]*

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 24th day of June, 2013.