UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMIE ARNOLD, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) No. 4:10-CV-00352-JAR |
| v. | )<br>) |
| DIRECTV, INC. d/b/a DIRECTV HOME SERVICES, et al., | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss Opt-ins For Failure to Comply with Order Directing Them to Respond to Discovery Questionnaire. (Doc. No. 192) The motion is fully briefed and ready for disposition.

This is an action for unpaid wages and overtime pay brought by Plaintiffs, on behalf of themselves and others similarly situated, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. §§ 290.500-530. The Court conditionally certified an FLSA collective action of persons who (1) worked as installation or service technicians for DIRECTV, third-party Home Services Providers ("HSPs"), or through one of their subcontractors, since May 1, 2009, (2) exclusively installed or serviced DIRECTV equipment, (3) received compensation on a piece-rate basis, and (4) worked more than 40 hours per week. (Doc. Nos. 121, 134)

Thereafter, the parties agreed to submit a questionnaire to each Opt-In Plaintiffs in order to gather information about the eligibility of the Opt-Ins, composition of the class, and nature of

1

the claims and damages. On September 26, 2013, this Court entered an order directing that Plaintiffs send the parties' agreed upon discovery questionnaire to those individual Opt-Ins not subject to arbitration agreements. (Doc. No. 189) The Court further ordered that the Opt-Ins receiving the questionnaire respond no later than December 3, 2013, and subsequently extended the deadline to respond to January 17, 2014, and the deadline to serve responses on Defendants to February 14, 2014. (Doc. No. 191) The questionnaire was mailed to approximately 1,421 Opt-Ins. (Doc. No. 193-2) As of February 14, 2014, Plaintiffs had served timely questionnaire responses for 658 opt-ins. (Declaration of Patricia J. Martin, Doc. No. 195-1, ¶ 4 ) The names of the 763 nonresponding Opt-Ins are set forth in Exhibit A, attached to Martin's Declaration. (Doc. No. 195-2)

Pursuant to Federal Rule of Civil Procedure 37(b)(2), Defendants move for an order dismissing the nonresponding Opt-Ins with prejudice, arguing that their failure to respond is prejudicial because it deprives Defendants of critical discovery necessary to defend against this case, including discovery needed for decertification and trial. (Doc. No. 192, p. 1) Plaintiffs respond that dismissal can only be considered as a sanction if there is a Rule 37 order compelling discovery, a willful violation of that order, and prejudice to the other party. (Doc. No. 194, p. 2) Further, a dismissal with prejudice is an "extreme sanction" that should only be used in cases of willful disobedience of a court order or where a party exhibits a pattern of intentional delay, neither of which are applicable here. (Id., p. 3)

Although the questionnaire was not court-ordered discovery, it was in fact a discovery process agreed upon by the parties in lieu of traditional interrogatories and requests for production. The failure of these Opt-Ins to respond to the questionnaire makes it impossible for the Court to determine whether they are similarly situated such that they could proceed

collectively in this action. The Court will not, however, foreclose these individuals from pursing their claims individually if they so choose. Thus, the claims of the nonresponding Opt-Ins will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Opt-ins For Failure to Comply with Order Directing Them to Respond to Discovery Questionnaire [192] is **GRANTED** in part.

**IT IS FURTHER ORDERED** that the Opt-In Plaintiffs set forth in the list attached hereto as Exhibit 1 and incorporated by reference herein are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the statute of limitations for each of these Opt-In Plaintiffs shall be tolled for sixty (60) days from the date of this Order to allow for refiling if they so choose; at the conclusion of that period, the statute of limitations will commence running against the claims of the Opt-In Plaintiffs.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 14th day of July, 2014.