IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **JAMIE ARNOLD, CLINTON FEGER, STEVEN PARR, ARNOLD BRAGG, KENDRICK STOKES, ROBERT ELLENDORF, JOSEPH COLLINS and JULIENNE MERTENS, individually and on behalf of all others similarly situated,**<br><br>Plaintiffs,<br><br>vs.<br><br>**DIRECTV, LLC et al.,**<br><br>Defendants. | Case No.  4:10-CV-00352-JAR |

**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**

COME NOW Defendants DIRECTV, LLC, and DIRECTV, Inc.[1] d/b/a DIRECTV Home Services and DTV Home Services II, LLC (collectively "Defendants") and for their answer to Plaintiffs' Second Amended Complaint, state as follows:

1. Defendants admit that Plaintiffs Jamie Arnold and Clinton Feger worked as satellite installation technicians for DTV Home Services II, LLC and that Plaintiffs Joseph Collins and Julienne Mertens worked as technicians for DIRECTV, LLC and/or DIRECTV, Inc. Defendants deny the remaining allegations contained in Paragraph 1 of the Second Amended Complaint.

2. Defendants deny the allegations contained in Paragraph 2 of the Second Amended Complaint.

---

[1] DIRECTV, Inc. has merged into DIRECTV, LLC and out of existence.

1

3. Defendants admit that Plaintiffs purport to bring a collective action under the Fair Labor Standards Act ("FLSA"), but deny any liability for any claim(s) made in the Second Amended Complaint and deny that this case should proceed as a collective action.

4. Defendants admit that Plaintiffs purport to bring a Rule 23 class action under the Missouri Minimum Wage Law ("MMWL"), but deny any liability for any claim(s) made in the Second Amended Complaint and deny that this case should proceed as a class action.

## JURISDICTION AND VENUE

5. Defendants admit that this Court has jurisdiction over Plaintiffs' claims in this action.

6. Defendants admit that DIRECTV, LLC and DTV Home Services II, LLC are subject to personal jurisdiction in this District but deny that this District is the proper forum for the claims of the FLSA subclasses for the reasons set forth in Defendants' Motion to Transfer and Memorandum in Support filed simultaneously herewith.  With respect to the claims of the members of the FLSA subclasses, Defendants deny that any part of the events giving rise to this claim occurred in the Eastern Division of this Court or even within the State of Missouri. Defendants admit that venue is proper with respect to the claims of Plaintiffs Arnold and Feger.

## PARTIES

7. Defendants admit that DIRECTV, LLC is a California limited liability company with its principal place of business in El Segundo, California.  Defendants further admit that DIRECTV, Inc. was a Delaware company with its principal place of business in El Segundo, California.  Defendants admit that DIRECTV, LLC does business as DIRECTV Home Services in the State of Missouri and nationwide.  Further answering, Defendants state that DIRECTV, Inc. has merged into DIRECTV, LLC and out of existence.

8. Defendants admit that DTV Home Services II, LLC is a Delaware limited liability company. Its address is in El Segundo, California. Defendants further admit that DTV Home Services II, LLC is qualified to do business in Missouri. Defendants deny the remaining allegations contained in Paragraph 8 of the Second Amended Complaint.

9. Defendants admit that DTV Home Services II, LLC is a wholly owned subsidiary of DIRECTV, LLC. Defendants admit that DIRECTV, Inc. purchased the membership interests in DTV Home Services II, LLC, formerly known as Up Communications Services LLC formerly doing business as AeroSat from Brightpath, LLC effective March 13, 2009. Defendants deny the remaining allegations contained in Paragraph 9 of the Second Amended Complaint.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 regarding Plaintiff Jamie Arnold's residency and, therefore, deny the same. Defendants deny all other allegations contained in Paragraph 10 of the Second Amended Complaint.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 regarding Plaintiff Clinton Feger's residency and, therefore, deny the same. Defendants deny all other allegations contained in Paragraph 11 of the Second Amended Complaint.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 regarding Plaintiff Steven Parr's residency and his employment with Multiband, Inc. and, therefore, deny the same. Defendants deny all other allegations contained in Paragraph 12 of the Second Amended Complaint.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 regarding Plaintiff Arnold Bragg's

residency and his employment with Multiband, Inc., and therefore, deny the same. Defendants deny all other allegations contained in Paragraph 13 of the Second Amended Complaint.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 regarding Plaintiff Kendrick Stokes' residency and his employment with MasTec, Inc. and, therefore, deny the same. Defendants deny all other allegations contained in Paragraph 14 of the Second Amended Complaint.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 regarding Plaintiff Robert Ellendorf's residency and his employment with MasTec, Inc., and, therefore, deny the same. Defendants deny all other allegations contained in Paragraph 15 of the Second Amended Complaint.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 regarding Plaintiff Joseph Collins' residency and, therefore, deny the same. Defendants admit that a technician named Jay Collins was employed by Defendants DIRECTV, LLC and/or DIRECTV, Inc. d/b/a DIRECTV Home Services. Defendants deny all other allegations contained in Paragraph 16 of the Second Amended Complaint.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 regarding Plaintiff Julienne Mertens' residency and, therefore, deny the same. Defendants admit that Plaintiff Julienne Mertens was employed by Defendant DIRECTV, LLC. and/or DIRECTV, Inc. d/b/a DIRECTV Home Services beginning in or around 2008. Further answering, Defendants states that Julienne Mertens has been on a leave of absence effective October 5, 2013. Defendants deny all other allegations contained in Paragraph 17 of the Second Amended Complaint.

**GENERAL ALLEGATIONS**

12. Defendants state that Paragraph 12 in the General Allegations section of the Second Amended Complaint fails to follow the numbering scheme of the preceding section of the Second Amended Complaint, in that there is a Paragraph 12 in the Parties section of the Second Amended Complaint. Defendants admit the allegations contained in Paragraph 12 of the General Allegations section of the Second Amended Complaint.

13. Defendants state that Paragraph 13 in the General Allegations section of the Second Amended Complaint fails to follow the numbering scheme of the preceding section of the Second Amended Complaint, in that there is a Paragraph 13 in the Parties section of the Second Amended Complaint. Defendants admit that Plaintiffs Jamie Arnold and Clinton Feger were employed by DTV Home Services II, LLC (formerly known as AeroSat USA, LLC) as technicians and Plaintiffs Jay Collins and Julienne Mertens were employed by Defendant DIRECTV, LLC and/or DIRECTV, Inc. d/b/a DIRECTV Home Services as technicians. Defendants admit that Plaintiffs' principal job duties in their roles were to install, repair, and upgrade DIRECTV satellite television services. Any remaining allegations contained in Paragraph 13 of the General Allegations section of the Second Amended Complaint not expressly admitted are denied.

14. Defendants state that Paragraph 14 in the General Allegations section of the Second Amended Complaint fails to follow the numbering scheme of the preceding section of the Second Amended Complaint, in that there is a Paragraph 14 in the Parties section of the Second Amended Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the General Allegations section of the Second Amended Complaint, and therefore deny the same.

15. Defendants state that Paragraph 15 in the General Allegations section of the

Second Amended Complaint fails to follow the numbering scheme of the preceding section of the Second Amended Complaint, in that there is a Paragraph 15 in the Parties section of the Second Amended Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the General Allegations section of the Second Amended Complaint with respect to Plaintiffs Jamie Arnold and Clinton Feger's employment by any entity other than DTV Home Services II, LLC (formerly known as AeroSat USA, LLC) and therefore, deny the allegations.  With respect to Plaintiffs Jamie Arnold and Clinton Feger's employment by DTV Home Services II, LLC (formerly known as AeroSat USA, LLC), Defendants deny the allegations contained in Paragraph 15 of the General Allegations section of the Second Amended Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the General Allegations section of the Second Amended Complaint with respect to Plaintiffs Steven Parr and Arnold Bragg's employment by Multiband and Plaintiffs Kendrick Stokes and Robert Ellendorf's employment by MasTec, and therefore, deny the allegations.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the General Allegations section of the Second Amended Complaint with respect to Plaintiffs Jay Collins and Julienne Mertens' employment by any entity other than DIRECTV, LLC and/or DIRECTV, Inc. d/b/a DIRECTV Home Services and therefore, deny the allegations.  With respect to Plaintiffs Jay Collins and Julienne Mertens' employment by DIRECTV, LLC and/or DIRECTV, Inc. d/b/a DIRECTV Home Services, Defendants deny the allegations contained in Paragraph 15 of the General Allegations section of the Second Amended Complaint.

16.     Defendants state that Paragraph 16 in the General Allegations section of the

Second Amended Complaint fails to follow the numbering scheme of the preceding section of the Second Amended Complaint, in that there is a Paragraph 16 in the Parties section of the Second Amended Complaint.  With respect to Plaintiffs Jamie Arnold and Clinton Feger's employment by DTV Home Services II, LLC (formerly known as AeroSat USA, LLC), Defendants admit that Plaintiffs Jamie Arnold and Clinton Feger were required to wear a shirt and hat with a DIRECTV logo, and were required to display a magnet on their vehicles displaying the DIRECTV logo.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the General Allegations section of the Second Amended Complaint with respect to Plaintiffs Jamie Arnold and Clinton Feger's employment by any entity other than DTV Home Services II, LLC (formerly known as AeroSat USA, LLC), and therefore, deny such allegations.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the General Allegations section of the Second Amended Complaint with respect to Plaintiffs Steven Parr and Arnold Bragg's employment by Multiband and Plaintiffs Kendrick Stokes and Robert Ellendorf's employment by MasTec, and therefore, deny such allegations.  With respect to Plaintiffs Jay Collins and Julienne Mertens' employment by DIRECTV, LLC and/or DIRECTV, Inc. d/b/a DIRECTV Home Services, Defendants admit that Plaintiffs Jay Collins and Julienne Mertens were required to wear a shirt and hat with a DIRECTV logo, and were required to display a magnet on their vehicles displaying the DIRECTV logo.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the General Allegations section of the Second Amended Complaint with respect to Plaintiffs Jay Collins and Julienne Mertens' employment by any entity other than DIRECTV, LLC and/or DIRECTV, Inc. d/b/a DIRECTV Home Services, and therefore, deny

such allegations.  Defendants deny any remaining allegations contained in Paragraph 16 of the General Allegations section of the Second Amended Complaint.

17. Defendants state that Paragraph 17 in the General Allegations section of the Second Amended Complaint fails to follow the numbering scheme of the preceding section of the Second Amended Complaint, in that there is a Paragraph 17 in the Parties section of the Second Amended Complaint.  Defendants deny the allegations contained in Paragraph 17 of the General Allegations section of the Second Amended Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Second Amended Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Second Amended Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Second Amended Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Second Amended Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Second Amended Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Second Amended Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Second Amended Complaint.

25. Defendants admit that DIRECTV, LLC is engaged in interstate commerce and gross more than Five Hundred Thousand Dollars in revenue per year. Any remaining allegations contained in Paragraph 25 of the Second Amended Complaint not expressly admitted are denied.

26. Defendants deny the allegations contained in Paragraph 26 of the Second Amended Complaint.

## COLLECTIVE ACTION ALLEGATIONS

27. Defendants admit that Plaintiffs purport to bring a collective action under the FLSA, but deny any liability for any claim(s) made in the Second Amended Complaint and deny that this case should proceed as a collective action as described in Paragraph 27, especially as to the subclasses purportedly defined in Paragraph 27.

28. The allegations in Paragraph 28 call for a legal conclusion and therefore no response is required.

29. Defendants admit that Plaintiffs purport to bring a collective action under the FLSA, but deny any liability for any claim(s) made in the Second Amended Complaint and deny that this case should proceed as a collective action. Further answering, Defendants state that the time period for individuals to opt-in to this action pursuant to the Court's Orders in this case has long passed.

## CLASS ACTION ALLEGATIONS

30. Defendants admit that Plaintiffs purport to bring a Rule 23 class action under the MMWL but deny any liability for any claim(s) made in the Second Amended Complaint and deny that this case should proceed as a class action.

31. The allegations in Paragraph 31 call for a legal conclusion and therefore no response is required.

32. Defendants deny the allegations contained in Paragraph 32 of the Second Amended Complaint.

33. The allegations in Paragraph 33 call for a legal conclusion and therefore no response is required.

34. The allegations in Paragraph 34 call for a legal conclusion and therefore no response is required.

35. Defendants deny the allegations contained in Paragraph 35 of the Second Amended Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Second Amended Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Second Amended Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Second Amended Complaint.

## **COUNT I**

39. Defendants re-allege the responses set forth above.

40. The allegations in Paragraph 40 call for a legal conclusion and therefore no response is required.

41. The allegations in Paragraph 41 call for a legal conclusion and therefore no response is required.

42. The allegations in Paragraph 42 call for a legal conclusion and therefore no response is required.

43. Defendants deny the allegations contained in Paragraph 43 of the Second Amended Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Second Amended Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Second Amended Complaint.

46. Defendants deny the allegations contained in Paragraphs 46 of the Second Amended Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Second Amended Complaint.

## COUNT II

48. Defendants re-allege the responses set forth above.

49. Defendants deny the allegations contained in Paragraph 49 of the Second Amended Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Second Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiffs have failed to state a claim upon which relief can be granted because, among other reasons, they were paid at least minimum wage for their first forty hours of work in any given workweek and were paid one and one-half times their regular hourly rate for all hours worked in excess of forty in any workweek.

2. Plaintiffs are barred from recovery in this action because they have been paid everything they were owed under federal and Missouri state wage laws.

3. To the extent that the period of time alluded to or alleged in the Second Amended Complaint predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), and Mo. Rev. Stat. § 516.140, such claims are barred.

4.      Plaintiffs' claim are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, or credits provided for in Section 7 of the FLSA, 29 U.S.C. § 207.

5.      Plaintiffs' claims may be barred in whole or in part by Section 13(b)(1) of the FLSA, which provides an exemption from the Section 7 overtime requirements if a worker is an "employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of Section 204 of the Motor Carrier Act of 1935." 49 U.S.C. § 31502.

6.      Plaintiffs' claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

7.      Plaintiffs' claims are barred in whole or in part to the extent that the work they performed falls within exemptions provided for in Section 13(a) and/or (b) of the FLSA, 29 U.S.C. § 213(a) and/or (b).

8.      Plaintiffs' claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs were engaged in activities which were preliminary or postliminary to their principal activities.

9.      Plaintiffs' claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs were engaged in the use of their employer's vehicle for travel and other activities which were incidental to the use of their employer's vehicle for commuting.

10. Plaintiffs' claims are barred in whole or in part by the doctrine of *de minimis non curat lex*.

11. Plaintiffs' claims are barred in whole or in part to the extent that Defendants did not employ Plaintiffs.

12. To the extent that discovery reveals that Plaintiffs falsely reported their hours, Plaintiffs' claims are barred by the doctrine of estoppel.

13. Defendants at all times acted in good faith to comply with the FLSA and with reasonable grounds to believe that their actions did not violate the statutes cited in the Second Amended Complaint, and Defendants assert a lack of willfulness or intent to violate the FLSA as a defense to any claims by Plaintiffs for liquidated damages.

14. Plaintiffs' claims are barred in whole or in part by their failure to mitigate their damages.

15. There are no employees of Defendants or their subsidiaries who are similarly situated to Plaintiffs, as that term is defined and/or interpreted under the FLSA, 29 U.S.C. § 216(b).

16. Defendants are entitled to set-off any wage overpayments made to Plaintiffs.

17. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

18. Plaintiffs' claims are barred in whole or in part because evidence of the experience of a small, unrepresentative sample of the opt-in Plaintiffs and members of the alleged Rule 23 class in this matter cannot support an inference about the work time of thousands of class members in the subclasses set forth in the Second Amended Complaint. *See Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 775 (7th Cir. 2012). Furthermore, such evidence cannot be used to support liability and damages as to all of the class members in the subclasses set forth in the Second Amended Complaint.

13

19. To the extent that certain members of the subclasses set forth in the Second Amended Complaint filed for bankruptcy during or after the relevant time period, their claims in this matter may be barred in whole or in part by the doctrine of judicial estoppel. *See Strong v. America's Ctr. Food Serv. Partners*, 189 Fed. Appx. 587 (8th Cir. 2006).

20. The claims of certain members of the subclasses set forth in the Second Amended Complaint should be barred in whole or in part to the extent that they do not fit within the proposed subclass definitions, including but not limited to those members who were paid only on an hourly or salaried basis and/or who were engaged to perform work other than DIRECTV work orders.

21. The claims of certain members of the subclasses set forth in the Second Amended Complaint should be barred in whole or in part to the extent that they previously pursued, or participated in a lawsuit alleging, the same or similar claims against Defendants and/or their employers, including but not limited to Multiband Corporation and MasTec Advanced Technologies, during the relevant time period and were compensated for those claims.

22. Plaintiffs' claims are barred in whole or in part because the Amended Case Management Order, ECF No. 216, entered by the Court on July 28, 2014 violates the due process rights of Defendants, especially in that it contemplates the use of the type of "Trial by Formula" that the United States Supreme Court expressly rejected in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011).

23. Plaintiffs are not entitled to class certification because they fail to meet the requirements of Rule 23(a) or (b) of the Federal Rules of Civil Procedure.

24. Plaintiffs are not entitled to class certification because their claims for failure to pay wages and/or overtime necessarily entail individualized proof that precludes a finding of commonality and typicality.

25. Plaintiffs are not entitled to class certification because their claims for monetary relief predominate over their claims for injunctive or declaratory relief, making class certification inappropriate.

26. Plaintiffs are not entitled to class certification because the class representatives cannot adequately represent the interests of the alleged class.

27. Plaintiffs' state law claims fail because Proposition B to the MMWL is invalid because it violated the clear title and/or single subject requirements of the Missouri Constitution and, as a result, Plaintiffs are not covered by the MMWL.

28. The claims of the FLSA subclasses and the Rule 23 subclasses should be severed into separate lawsuits pursuant to Federal Rules of Civil Procedure 21 and 42(b) for the reasons set forth in Defendants' Motion to Sever and Memorandum in Support filed simultaneously herewith.

29. The claims of the FLSA subclasses should be transferred pursuant to 28 U.S.C. § 1404(a) to the district courts in the jurisdictions in which each of the direct employers is headquarters for the reasons set forth in Defendants' Motion to Transfer and Memorandum in Support, including the fact that none of the claims of the members of the FLSA subclasses are based on work performed within this judicial district.

30. With respect to the claims of many of the Named Plaintiffs and the purported subclass members, the factual contentions made in the Second Amended Complaint do not have

evidentiary support as evidenced by their own sworn discovery questionnaire responses as required by Rule 11 of the Federal Rules of Civil Procedure.

31. Defendants reserve the right to assert additional defenses or claims, which may become known during the course of discovery.

**WHEREFORE**, Defendants respectfully request that this Court:

(a) dismiss Plaintiffs' Second Amended Complaint with prejudice;

(b) deny Plaintiffs' demands and prayers for relief;

(c) award Defendants' costs and reasonable attorneys' fees incurred in the defense of this action; and

(d) grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Patricia J. Martin
Patricia J. Martin #57420 MO
LITTLER MENDELSON
A Professional Corporation
One Metropolitan Square
211 North Broadway, Suite 1500
St. Louis, MO  63102
Telephone: 314.659.2000
Facsimile: 314.659.2099
pmartin@littler.com

James J. Oh, *pro hac vice*
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1000
Chicago, IL 60654
Telephone: 312.795.3261
Facsimile: 312.372.7880
joh@littler.com

Counsel for Defendants

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on the 26th day of September, 2014, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                        /s/ Patricia J. Martin

Firmwide:128985782.2 059936.1027