UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMIE ARNOLD, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:10-CV-352-JAR |
| | ) |
| DIRECTV, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Lift Stay of MasTec and Multiband Opt-Ins' Claims Against DirecTV. (Doc. No. 310) The motion is fully briefed and ready for disposition.

**Background**

Plaintiffs are former DirecTV satellite installation and repair technicians. On September 11, 2014, Plaintiffs filed their Second Amended Complaint ("SAC") against Defendants DirecTV, LLC, and DirecTV, Inc. d/b/a DirecTV Home Services and DTV Home Services II, LLC[1] (collectively "DirecTV") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. §§ 290.500-530. (Doc. No. 220) Thereafter, the Court conditionally certified Plaintiffs' FLSA claim to proceed as a collective action on four FLSA subclasses. (Doc. Nos. 121, 134, 200)

Following conditional certification, more than 3,000 individuals opted into this lawsuit, approximately 1,500 of whom worked as W-2 employees of Home Service Provider ("HSP")

---

[1] DirecTV, Inc. has since merged into DirecTV, LLC. (See Doc. No. 247 at 1 n. 1)

1

MasTec Services Company, Inc. ("MasTec") and Multiband Corporation ("Multiband"). Plaintiffs took the position that DirecTV was a joint employer; therefore, they were proper class members in the case against DirecTV. However, in connection with their employment, these individuals entered into valid arbitration agreements with MasTec and Multiband. DirecTV moved to dismiss or alternatively stay the claims of the MasTec and Multiband opt-ins pending individual arbitrations in accordance with those agreements. (Doc. No. 181) Plaintiffs opposed DirecTV's motion, arguing that DirecTV, a non-signatory to the agreements, could not enforce the agreements and compel arbitration. DirecTV took the position that because Plaintiffs have consistently alleged a joint employment relationship between DirecTV and its HSPs, including MasTec and Multiband, and sought to hold DirecTV liable for alleged wage-and-hour violations arising during the opt-ins' employment at the HSPs, DirecTV could enforce the arbitration agreements against the MasTec and Multiband opt-ins. On November 25, 2013, this Court stayed the claims of the MasTec and Multiband opt-ins, finding the close relationship between DirecTV and its HSPs, including MasTec and Multiband, and Plaintiffs' allegations of joint employment and conduct in violation of the FLSA by DirecTV and its HSPs, including MasTec and Multiband, permitted it to compel arbitration. (Doc. No. 190)

In support of their motion to lift the stay in favor of arbitration, Plaintiffs assert that despite their efforts to comply with the Court's order and arbitrate with DirecTV as it requested, DirecTV has refused to participate in arbitration involving the MasTec and Multiband opt-ins, leaving them in a "jurisdictional black hole." Their claims against DirecTV have been stayed pending arbitration, but their claims have not been arbitrated. Thus, Plaintiffs move for an order lifting the stay so they can pursue their claims in this case.

In response, DirecTV argues it cannot be forced to participate in arbitrations based on agreements to which it is not a signatory; although the Eighth Circuit allows arbitration to be compelled against a non-signatory in limited circumstances, none of those apply here. DirecTV further argues that when it moved for the stay and referral to arbitration, it did not do so based on a representation or promise that it would voluntarily assume an obligation to participate in individual arbitration agreements that it never signed. As discussed below, DirecTV's arguments are inconsistent with the representations previously made to this Court.

**Discussion**

The parties have each presented their own interpretation of the course of events leading up to the filing of the instant motion. According to Plaintiffs, on January 17, 2014, they reached out to DirecTV to discuss a collective process for arbitrating the claims at issue and/or mediation. DirecTV responded that it could not be properly named or joined in the arbitrations because it was not a signatory to the arbitration agreements. Then, on February 19, 2014, DirecTV filed a demand with JAMS[2] for collective arbitration of the joint employer issue only before a panel of three arbitrators. On March 25, 2014, JAMS advised DirecTV that its rules only allowed for one arbitrator, whose fee for services must be paid by the alleged employer. On March 31, 2014, DirecTV requested that Plaintiffs consent to waive the JAMS rules and proceed with a three-arbitrator panel, partially at Plaintiffs' expense. When Plaintiffs did not respond, DirecTV withdrew its arbitration demand on April 1, 2014, and JAMS closed the arbitration.

On September 15, 2014, the MasTec and Multiband opt-ins filed their own demand for collective arbitration with JAMS of the joint employment issue and their wage and hour claims.

---

[2] JAMS is a private alternative dispute resolution (ADR) provider specializing in mediating and arbitrating complex, multi-party, business/commercial cases. (www.jamsadr.com (last visited March 31, 2016)).

Relying on the class and collective action waivers in the technicians' arbitration agreements, DirecTV objected to JAMS administration. On November 17, 2014, JAMS determined it could not proceed and closed the case. Because DirecTV would not consent to collective arbitration, Plaintiffs began initiating individual arbitrations of the claims of the MasTec and Multiband opt-ins in December of 2014.[3] In January of 2015, DirecTV tendered defense of these arbitration demands to MasTec and Multiband, who then retained separate counsel.

DirecTV's counsel for the Multiband arbitrations accepted service of the demands for arbitration with the American Arbitration Association (AAA) and began discussing how best to manage the multiple individual arbitrations. After months of discussions, DirecTV's arbitration counsel informed Plaintiffs that DirecTV would not participate in the individual arbitrations because there was no agreement to arbitrate between any claimant and DirecTV. In June of 2015, AAA closed its files for the 62 cases filed against DirecTV/Multiband due to DirecTV/Multiband's failure to pay the initial filing fees. According to Plaintiffs, DirecTV has taken the same position in the MasTec arbitrations, i.e., that it is not a signatory to the MasTec arbitration agreements and will not agree to participate as a party. (See Doc. No. 311 at 3-13)

DirecTV asserts that in February of 2014, it offered to arbitrate the joint employment issue on a collective basis before a tripartite arbitration panel with JAMS under terms set out in its arbitration demand but Plaintiffs rejected the offer. In late March of 2014, DirecTV renewed its offer to Plaintiffs. When Plaintiffs did not respond, DirecTV withdrew its arbitration demand. Five months later, in September of 2014, Plaintiffs then demanded collective arbitration of all claims of the MasTec and Multiband opt-ins - both the joint employment issue and the wage and

---

[3] At the time Plaintiffs' motion was filed, a total of 320 demands for arbitration from the MasTec and Multiband opt-ins had been served. (Doc. No. 311 at 9)

hour claims – with JAMS. DirecTV tendered the defense of the arbitration demands to MasTec and Multiband, both of which retained separate legal counsel. DirecTV objected to JAMS administration and on November 17, 2014, JAMS advised counsel for the parties that it would decline to administer the arbitration.

In December 2014, more than a year after their claims were referred to arbitration, Plaintiffs made their first individual demands for arbitration to DirecTV and MasTec under the MasTec arbitration agreements. According to DirecTV, the parties agreed in January 2015 to place a "hold" on any obligation by DirecTV and MasTec to respond until Plaintiffs' "screening process" was complete and all demands had been made. DirecTV asserts that as of June 29, 2015, Plaintiffs' counsel have not advised counsel for MasTec that their "screening process" for arbitration claimants is complete and/or that all anticipated arbitration demands have been made.

In April 2015, counsel for Multiband responded to the Multiband individual arbitration demands by proposing consolidated arbitration of a limited number of claims grouped by geographic location followed by mediation. Multiband also proposed conditioning the arbitration on Plaintiffs' agreement that any finding of liability by an AAA arbitrator would not constitute an adjudication against DirecTV for joint employer liability, unless and until there was a final, non-appealable finding of joint employer liability in this case. According to DirecTV, Plaintiffs were open to discussing consolidated arbitrations, but not until DirecTV paid the initial filing fees in full to AAA. The parties also discussed the possibility of mediation in lieu of arbitration in May 2015, but Plaintiffs insisted that mediation occur by early July, whereas Multiband felt that September was a more realistic timeframe.

In an effort to move forward, Multiband sought to proceed with consolidated arbitrations on four claims and submitted a check for filing fees in connection with those four matters.

5

Plaintiffs took the position that if there was no agreement to mediate, and if Multiband continued to refuse to pay the contractually required filing fees, then Plaintiffs would proceed "in the absence of a party or representative" under AAA Rule 29 and pay the arbitrator costs subject to recoupment from Multiband. On June 4, 2015, the AAA advised counsel for Multiband and Plaintiffs of its position regarding payment of the initial filing fees. When it did not receive a response or payment from the parties, the AAA closed its files for the 62 cases filed against DirecTV/Multiband on June 9, 2015. (See Doc. No. 370 at 4-16)

Under either party's version of events, there is no dispute that DirecTV is unwilling to arbitrate the entirety of the claims of the MasTec and Multiband opt-ins despite being permitted to enforce the arbitration agreements. A party may not seek to enforce and benefit from an arbitration agreement when it has expressly declined to participate in or be bound by the arbitration. See Baker & Taylor, Inc. v. AlphaCraze.Com Corp., 602 F.3d 486, 491 (2d Cir. 2010); Goel v. Ramachandran, 823 F. Supp.2d 206, 219-20 (S.D. N.Y. 2011).

DirecTV moved the Court to allow it to enforce the agreements and dismiss the opt-ins' claims against it because the " 'entire controversy' between each of them and Defendants" would be resolved by arbitration. (Doc. No. 182 at 15) DirecTV relied on cases in which non-signatories compelled – and then participated in – arbitration, see Carter v. Affiliated Computer Services, Inc., No. 6:10-CV-06074, 2010 WL 5572078 (W.D. Ark. Dec. 15, 2010) and Carter v. MasTec Services Company, Inc., No. 2:09-2721-PMD, 2010 WL 500421 (D. S.C. Feb. 5, 2010), to support its motion to dismiss on the grounds that "all claims between the parties are subject to arbitration." (Doc. Nos. 181, 182) Plaintiffs have not asserted any claims against MasTec or Multiband; their claims are only against DirecTV. As a result, the suggestion to the Court was that DirecTV would participate in arbitration. DirecTV now contends the arbitration agreements

6

cannot be enforced against it (because it is not a signatory), and that the opt-ins must arbitrate against MasTec or Multiband first before their claims can proceed against DirecTV in this Court. Clearly, this is inconsistent with DirecTV's previous representations to this Court – either directly or by inference.

**Conclusion**

For these reasons, the Court will lift the stay issued on November 25, 2013 and allow the MasTec and Multiband opt-ins to rejoin their respective subclasses in this case. The Court's order shall apply to all opt-in Plaintiffs whose claims have been stayed and not just to those who have thus far filed individual arbitration demands.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Lift Stay of MasTec and Multiband Opt-Ins' Claims Against DirecTV [310] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is set for a status conference with counsel on **Thursday, April 14, 2016 at 1:30 p.m.** The parties may participate by telephone upon request.

Dated this 31st day of March, 2016.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**