IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **JAMIE ARNOLD, et al.,** | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No.4:10-cv-00352-JAR ) |
| **DIRECTV, LLC, et al.,** | ) ) ) |
| Defendants. | ) |

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

Plaintiffs, Jamie Arnold and Clinton Feger and Defendants DIRECTV, LLC d/b/a DTV Home Services and DTV Home Services II, LLC ("DIRECTV"), hereby move the Court for entry of an order approving the Settlement Agreement, which was been filed separately under seal, and dismissing the case with prejudice.

**I.  FLSA SETTLEMENTS REQUIRE COURT APPROVAL.**

Courts have held that purely private settlements of FLSA claims are unenforceable. *See, e.g., Shackleford v. Cargill Meat Solutions*, 2013 WL 209052, *3 (W.D. Mo. Jan. 17, 2013); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-54 (11th Cir. 1982). Therefore, wage claims arising under the FLSA can be settled in one of two ways. First, 29 U.S.C. § 216(c) authorizes the Secretary of Labor to supervise payment of unpaid wages owed to employees. Second, in a private action under 29 U.S.C. § 216(b), a district court may approve a settlement reached as a result of contested litigation to resolve a bona fide dispute between the parties. *Id*. (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945)).

In a private action under § 216(b), a court must make two inquiries. First, the court must determine if the settlement was the product of "contested litigation." Second, the court must

inquire as to whether the settlement involves a fair and reasonable resolution of a bona fide dispute between the parties. To indicate fairness, Courts will generally rely on the adversarial nature of a litigated FLSA case that results in settlement. *Lynn's Food Stores*, 679 F.2d at 1354. If the proposed settlement reflects a reasonable compromise over contested issues, the court may approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id*.

### A. The Proposed Settlement Is the Product of Contested Litigation.

The instant case is the product of contested litigation. The case was filed more than seven years ago, in March 2010. *See* Doc. No. 1. The parties engaged in extensive discovery and motion practice, and counsel for both parties are experienced in FLSA litigation. In fact, counsel for both parties are actively litigating several other matters around the country on collective and individual bases. Both law firms also have handled numerous other wage and hour matters on class, collective, and individual bases. The parties also have spent considerable time and energy analyzing the merits of the case, discussing various issues implicated in the case, litigating the parties' cross motions for summary judgment, and litigating class certification and decertification.

### B. The Proposed Settlement Reflects a Fair and Reasonable Resolution of a Bona Fide Dispute Between the Parties over FLSA Coverage.

The second prong of the Court's settlement approval inquiry focuses on two issues. First, a bona fide dispute must be shown. Second, the Court must scrutinize the proposed settlement to ensure it is fair and reasonable.

#### 1. A Bona Fide Dispute Between the Parties Existed.

Plaintiffs' contention was that AeroSat violated the FLSA by failing to pay for all hours worked and failing to properly pay overtime premiums and that DIRECTV was liable for those violations. DIRECTV asserted several defenses and affirmative defenses, including that Plaintiffs were properly compensated for all hours worked, that Plaintiffs' were exempt from overtime under

the FLSA's retail exemption in § 7(i); and that Plaintiffs had insufficient evidence supporting their alleged overtime work. In its Orders on the parties' cross motions for summary judgment (Doc. Nos. 472 and 473), the Court granted DIRECTV's motion for summary judgment as to Plaintiffs' claims for gap time but found that there were genuine issues of material fact that precluded summary judgment on most issues for either side.

### 2. The Proposed Settlement Is Fair and Reasonable.

The settlement agreement was reached after negotiations between the parties and is viewed as fair by both sides. Plaintiff Arnold only claims to have worked for Defendants for 8 weeks during the relevant time period. Plaintiff Feger only claims to have worked for Defendants for 9 weeks during the relevant time period. In their discovery responses, Plaintiffs disavowed any claims for "off the clock" work. Finally, the Court determined on summary judgment that straight time is not recoverable. Accordingly, the only issue left is whether overtime premiums paid to Arnold and Feger were legally correct based on the way the regular rate of pay was calculated.

Given the many disputes regarding liability and the proper way to calculate Plaintiffs' regular rate of pay, virtually any settlement that resulted in any payment to Plaintiffs would be reasonable in this case.

### 3. The Proposed Attorney Fee Award is Reasonable

These settlements also resolve the plaintiffs' claims for attorneys' fees and costs, foreclosing further litigation on this issue. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("Ideally, of course, litigants will settle the amount of a fee.").

The FLSA provides that prevailing plaintiffs are entitled to reasonable attorney's fees and costs. 29 U.S.C. § 216(b). Fees awarded by fee-shifting statutes are governed by the lodestar method, which is reached by multiplying the hours expended by a reasonable hourly rate. *Kenny A.*

3

*v. Perdue*, 130 S. Ct. 1662 (2010). Separate and apart from the payments to Plaintiffs, counsel will receive attorney's fees and reimbursement for costs and expenses spent prosecuting Plaintiffs' case in the amount set forth in Paragraph 2 of the Settlement Agreement filed under seal. The releases signed by each of the Plaintiffs clearly show the amounts being paid to the attorneys in this matter, and the Named Plaintiffs have agreed to these amounts.

Courts vary in the amount of scrutiny given to attorneys' fees in an individual FLSA settlement, where the client knowingly agrees to the apportionment. As the Court has observed, the parties vigorously contested this case. The case involved substantial briefing, absent which the Plaintiffs may never have recovered. For instance, among other things, DIRECTV moved for an order of dismissal, as well as its own comprehensive motion for summary judgment. Plaintiffs, of course, responded to each of these motions and filed their own motions for summary judgment.

The parties, including DIRECTV, Plaintiffs' counsel, and Plaintiffs, have all agreed to the amount of the fees – making this an ideal settlement from the perspective of the United States Supreme Court. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee."). Given the reasonableness of the amount being paid to the Plaintiffs, the amount of work expended by counsel, the fee and expense request, there is no reason for the Court to disturb the parties' agreements.

## II.   CONCLUSION.

For the foregoing reasons, the parties respectfully request that the Court approve the parties' Settlement Agreement and dismiss this case with prejudice.

Respectfully submitted,

| | |
|---|---|
| */s/ Bradford B. Lear (with consent)* | */s/ Patricia J. Martin* |
| George A. Hanson, *admitted pro hac vice* | Patricia J. Martin #57420 |
| STUEVE SIEGEL HANSON | Jennifer Chierek Znosko #56842 |
| MO Bar No. 43450 | LITTLER MENDELSON, P.C. |
| 460 Nichols Road, Ste. 200 | One Metropolitan Square |
| Kansas City, MO 64112 | 211 North Broadway |
| Telephone: 816-714-7100 | Suite 1500 |
| Facsimile: 816-714-7101 | St. Louis, MO 63102 |
| Email: hanson@stuevesiegel.com | Telephone: 314.659.2000 |
| | Facsimile: 314.659.2099 |
| Bradford B. Lear, #53204 | Email: pmartin@littler.com |
| Todd C. Werts, #53288 | jznosko@littler.com |
| LEAR WERTS LLP | |
| Bar No. 53288 | James J. Oh, *pro hac vice* |
| 2003 W. Broadway, Ste. 107 | LITTLER MENDELSON, P.C. |
| Columbia, MO 65203 | 321 North Clark Street, Suite 1000 |
| Telephone: 573-875-1991 | Chicago, IL 60654 |
| Facsimile: 573-875-1985 | Telephone: 312.795.3261 |
| Email: lear@learwerts.com | Facsimile: 312.372.7880 |
| werts@learwerts.com | Email: joh@littler.com |
| | |
| ATTORNEYS FOR PLAINTIFFS | ATTORNEYS FOR DEFENDANTS |

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the 30th day of August, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to counsel of record for all parties by operation of the Court's Electronic Filing System.

                                                                 */s/ Patricia J. Martin*

Firmwide:149636778.1 059936.1027