UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMIE ARNOLD, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:10-CV-00352-JAR |
| | ) |
| DIRECTV, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER APPROVING SETTLEMENT**

Plaintiffs Jamie Arnold and Clinton Feger and Defendants DirecTV, LLC d/b/a DTV Home Services and DTV Home Services II, LLC ("DirecTV"), have filed a Joint Motion to Approve Settlement Agreement (Doc. No. 485). This case was brought under § 216(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and, as such, any settlement must be approved by the Court. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).[1] In support of the motion, the parties have detailed the negotiations that led to the settlement and the Settlement Agreement itself, which the parties jointly requested be filed under seal. Because the Court finds that the settlement is fair and equitable to the parties, it will approve the settlement.

A district court may only approve a settlement agreement in a case brought under § 216(b) after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. Id.; Fry v. Accent Mktg. Servs., L.L.C., No. 4:13CV59 CDP, 2014 WL 294421, at *1 (E.D. Mo. Jan. 27, 2014).

---

[1] Plaintiffs also brought claims under the Missouri Minimum Wage Law, Mo. Rev. Stat. §§ 290.500, *et seq*.

Here, the settlement is the product of contested litigation, as the parties disputed numerous issues during the litigation. Plaintiffs alleged that AeroSat violated the FLSA by failing to pay for all hours worked and failing to properly pay overtime premiums and that DirecTV was liable for those violations. DirecTV asserted several defenses and affirmative defenses, including that Plaintiffs were properly compensated for all hours worked, that Plaintiffs were exempt from overtime under the FLSA's retail exemption in § 7(i); and that Plaintiffs had insufficient evidence supporting their alleged overtime work. The Court granted DirecTV's motion for summary judgment as to Plaintiffs' claims for gap time (Doc. Nos. 472, 473), but found there were genuine issues of material fact that precluded summary judgment on most issues for either side. On July 13, 2017, the parties conducted a mediation session with neutral Francis X. Neuner, Jr., and settled this case. As a result, the Court finds the parties have a bona fide dispute.

To determine whether the settlement is fair and reasonable under the FLSA, courts consider the same fairness factors typically applied to a Rule 23 class action. Fry, 2014 WL 294421, at *1; Moore v. Ackerman Inv. Co., No. C 07-3058-MWB, 2009 WL 2848858, at *2 (N.D. Iowa Sept. 1, 2009). "Among the factors a court may consider are the stage of the litigation, the amount of discovery exchanged, the experience of counsel, and the reasonableness of the settlement amount based on the probability of plaintiffs' success with respect to any potential recovery." Fry, 2014 WL 294421, at *1.

In the instant case, the parties engaged in contested litigation for seven years, including extensive discovery and motion practice. The parties spent considerable time analyzing the merits of the case, discussing various issues implicated in the case, litigating the parties' cross motions for summary judgment, and litigating class certification and decertification. The parties

were represented throughout the pendency of the case and during settlement negotiations by experienced and competent counsel who was able to assess the value of the respective claims and defenses and incorporate that assessment into the terms of the settlement. Plaintiff Arnold only claims to have worked for DirecTV for eight weeks during the relevant time period; Plaintiff Feger only claims to have worked for DirecTV for nine weeks during the relevant time period. In their discovery responses, Plaintiffs disavowed any "off the clock" claims and the Court determined on summary judgment that straight time was not recoverable. Thus, the only issue left was whether overtime premiums paid to Plaintiffs were legally correct based on the calculation of their regular rate of pay. The Court finds no basis to doubt that the settlement is a fair and reasonable resolution to both sides in light of the many disputes regarding liability and the proper way to calculate Plaintiffs' regular rate of pay.

The Court further finds the requested attorneys' fees in this case are reasonable. "It is well-established that the starting point in determining attorney fees is the lodestar, which is calculated by multiplying the hours expended by a reasonable hourly rate. Fry, 2014 WL 294421, at *1 (citing Fish v. St. Cloud State Univ., 295 F.3d 849, 851, (8th Cir. 2002)). The attorneys in this case have undertaken significant motion practice, discovery, negotiated with opposing counsel, and participated in mediation. The amount of attorneys' fees requested by Plaintiffs' counsel is not opposed by DirecTV and is reasonable based on the amount of time and effort expended on this case.

Accordingly,

**IT IS HEREBY ORDERED** that the parties' Joint Motion to Approve Settlement Agreement [485] is **GRANTED.**

A separate order of dismissal will accompany this Memorandum and Order.

                                                                               _____
                                                                               **JOHN A. ROSS**
                                                                               **UNITED STATES DISTRICT JUDGE**

Dated this 31st day of August, 2017.